# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| SHAMIAH SHARP, as mother, natural guardian and Next friend of Z.T., a minor, residents and citizens of Georgia, | ) ) ) ) |
| Plaintiff, | ) CIVIL ACTION ) CASE NO. _____ ) |
| vs. | ) ) |
| POLYMER80 INC., a Nevada corporation, POLYMER80 ENTERPRISE PROPERTIES, LLC, a Nevada Limited Liability Company, and DELTATEAMTACTICAL.COM, a Utah Limited Liability Company d/b/a DELTA TEAM TACTICAL, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff SHAMIAH SHARP, as mother, natural guardian and next friend of Z.T., a minor, who are residents and citizens of the State of Georgia, through undersigned counsel, sues POLYMER80 ENTERPRISE PROPERTIES, LLC, a Nevada Limited Liability Company with its principal place of business in the State of Nevada, POLYMER80 INC., a Nevada corporation with its principal place of business in the State of Nevada, and DELTATEAMTACTICAL.COM., a Utah Limited Liability Company doing business as DELTA TEAM TACTICAL, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in an amount greater than seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs. The injuries and damages alleged in Paragraph 26 below support an award of damages in excess of $75,000.00.

2. Plaintiff SHAMIAH SHARP is and at all material times has been sui juris and a permanent resident and citizen of the State of Georgia.

3. Plaintiff SHAMIAH SHARP is and at all material times has been the mother, natural guardian and next friend of the minor Plaintiff, Z.T.

4. Minor Plaintiff Z.T. is the natural son of Plaintiff SHAMIAH SHARP.

5. Minor Plaintiff Z.T. is and at all material times has been a resident of the State of Georgia, residing with his mother, Plaintiff SHAMIAH SHARP.

6. Defendant POLYMER80 ENTERPRISE PROPERTIES, LLC is a Nevada limited liability company with its principal place of business in the State of Nevada.

7. Defendant POLYMER80 INC. (POLYMER80) is a Nevada corporation with its principal place of business in the State of Nevada.

8. Defendant DELTATEAMTACTICAL.COM is a Utah limited liability company with its principal place of business in the State of Utah.

9. At all material times Defendant DELTATEAMTACTICAL.COM has been doing business under the name DELTA TEAM TACTICAL.

10. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332(a) (2). As alleged above there is complete diversity in citizenship of the parties because Plaintiffs are and at all material times have been citizens and residents of the State of Georgia, while Defendants POLYMER80 ENTERPRISE PROPERTIES, LLC and POLYMER80 INC. are and at all material times have been citizens of the State of Nevada with their principal places of business in Nevada and Defendant DELTATEAMTACTICAL.COM d/b/a DELTA TEAM TACTICAL is and at material times has been a citizen of Utah with its principal place of business in Utah. The damages claimed exceed the minimum jurisdictional amount required for diversity of citizenship cases, and are supported by the injuries alleged in Paragraph 26 below.

11. Venue of this action properly lies in this District pursuant to 28 U.S.C. §1391(b)(2), since a substantial portion of the events or omissions giving rise to Plaintiff's claims as alleged below arose out of events occurring in this District, specifically events occurring in Valdosta, Georgia as alleged below.

## **LIABILITY AND DAMAGE ALLEGATIONS**

12.  At all material times, Defendants have been engaged in the business of selling partially completed firearm frames and receivers, known as firearm frame and receiver blanks.  The Defendants sell these frame blanks in conjunction with kits including tools and guides or "jigs," thereby allowing purchasers of the frame blanks readily and quickly to finish the blanks, through simple steps such as drilling a few holes, thereby creating a full firearm frame, and then equally readily to assemble a useable firearm from the frame by adding components such as triggers, firing pins and slides. The Defendants provide instructions with the kits, allowing purchasers readily to assemble for themselves complete firearms from the components sold by Defendants using simple and readily available tools.

13.  In addition, instructional videos are readily available online to guide purchasers through the process of assembling functioning firearms from kits supplied by the Defendants.

14.  The firearms assembled from frame blanks and kits sold by the Defendants and other similar suppliers are commonly referred to as "ghost guns," since they can be assembled without serial numbers, thereby making them difficult for law enforcement officials to trace.

15. The Defendants sell the firearm frame blanks and assembly kits necessary to assemble ghost guns online to purchasers in various locations throughout the United States, including Georgia. The Defendants at all material times have known or should have known that their online sales are made nationwide, including online sales to purchasers in the State of Georgia.

16. Defendants sell their kits and firearm components to sellers in other states through online sales, without subjecting the purchasers to any background check or effective age verification and without requiring inscription of a serial number on the unfinished frames sold by them. The Defendants' sales methods violate multiple provisions of federal law regulating firearms sales, and in particular laws such as "point of sale" restrictions, restricting interstate sales of firearms and sales to purchasers who do not appear in person to purchase the firearm, as well as restrictions on sales to persons known or reasonably believed to be minors and sales without required background checks. The federal statutes violated by Defendants include one or more of the following:

   a. 18 U.S.C. §922(a)(1)(A):

   (a) It shall be unlawful – (1) for any person – (A) except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce .… .

5

b.      18 U.S.C. §922(a)(2):

[it shall be unlawful] for any importer, manufacturer, dealer, or collector licensed under the provisions of this chapter … to ship or transport in interstate or foreign commerce any firearm to any person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector [with limited exceptions]

c.      18 U.S.C. §922(b)(1):

It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver—

**(1)** any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age … .

d.      18 U.S.C. §922(b)(3):

[It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer or licensed collector to sell or deliver] **(3)** any firearm to any person who the licensee knows or has reasonable cause to believe does not reside in (or if the person is a corporation or other business entity, does not maintain a place of business in) the State in which the licensee's place of business is located, except that this paragraph (A) shall not apply to the sale or delivery of any rifle or shotgun to a resident of a State other than a State in which the licensee's place of business is located if the transferee meets in person with the transferor to accomplish the transfer, and the sale, delivery, and receipt fully comply with the legal conditions of sale in both such States (and any licensed manufacturer, importer or dealer shall be presumed, for purposes of this subparagraph, in the absence of evidence to the contrary, to have had

6

actual knowledge of the State laws and published ordinances of both States), and (B) shall not apply to the loan or rental of a firearm to any person for temporary use for lawful sporting purposes;

 e. 18 U.S.C. §922(c)(1):

**(c)** In any case not otherwise prohibited by this chapter … a licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a person who does not appear in person at the licensee's business premises (other than another licensed importer, manufacturer, or dealer) only if—**(1)** the transferee submits to the transferor a sworn statement in the following form … .

 f. 18 U.S.C. §922(t)(1)(A):

**(t) (1)** Beginning on the date that is 30 days after the Attorney General notifies licensees under section 103(d) of the Brady Handgun Violence Prevention Act … that the national instant criminal background check system is established, a licensed importer, licensed manufacturer, or licensed dealer shall not transfer a firearm to any other person who is not licensed under this chapter … unless—**(A)** before the completion of the transfer, the licensee contacts the national instant criminal background check system established under section 103 of that Act …

 g. 18 U.S.C. §922(x)(1)(A):

**(x) (1)** It shall be unlawful for a person to sell, deliver, or otherwise transfer to a person who the transferor knows or has reasonable cause to believe is a juvenile—**(A)** a handgun …

17. The Defendants have also sold firearm frame blanks without inscribing or requiring the inscription of serial numbers on the frames or frame blanks, in violation of 26 U.S.C. §§5861(i)-(j).

18. At all material times, one J.C., a minor under the age of eighteen, not a party to this action, was a resident of the State of Georgia, residing in Valdosta, Georgia.

19. At a time before May 1, 2021, J.C., using personal funds obtained by her from her own employment, purchased a ghost gun kit, including a frame blank, components and jig such as those referenced in Paragraph 12, from Defendants. J.C. purchased the kit and its components online from Defendants without appearing in person at any firearms shop or dealer to obtain them and directed the Defendants online to ship the kit and components to her physical residential address in Georgia.

20. The Defendants delivered the frame blank and other components of the ghost gun kit purchased by J.C. to J.C. at her residential address in Valdosta, Georgia.

21. When shipping the frame blank and other ghost gun components to J.C., the Defendants did not require or perform a background check on J.C. and made no effective attempt to verify her age or to verify that she was not a minor.

22. Using instructions provided by the Defendants as well as instructional videos located online, J.C. was able to and did assemble a completed firearm, specifically a Glock style handgun, using the kit and components purchased from the Defendants.

23. On May 1, 2021, minor Plaintiff Z.T. was visiting J.C. and other minors at J.C.'s residence in Valdosta, Georgia as a social guest of J.C.

24. At the time and place referenced in the preceding paragraph, J.C. was playing with the Glock style firearm she had assembled from the kit and components supplied by Defendants. At that time the firearm was loaded with ammunition J.C. had also purchased.

25. While J.C. was playing with the firearm she had assembled, as referenced in the preceding paragraph, the firearm discharged, causing a bullet to strike and enter Z.T.'s head.

26. As a direct and proximate result of the firearm discharge referenced in the preceding paragraph, Z.T. was injured in and about his body and extremities, sustained severe injuries including severe neurological injuries, suffered pain therefrom and sustained mental anguish, disfigurement, disability and the inability to lead a normal life. Furthermore, medical, hospital, rehabilitative and other out of pocket and health care expenses in the past and future as a result of Z.T.'s injuries were incurred, the future medical, health care and rehabilitative expenses being reasonably certain to occur. Z.T. has also experienced a loss of future earnings or earning capacity and activation or aggravation of preexisting injuries. These

damages are permanent or continuing in their nature and Z.T. will continue to sustain and incur these damages in the future.

27. At all material times, the Defendants had a duty under Georgia law not to deliver or entrust a firearm or firearm components to person the Defendants knew or should have known to be a minor, such as J.C.

28. At all material times, the Defendants' sales to the minor J.C. as described above, conducted without effective age verification, a background check, or an in-person appearance by J.C., violated their duties under Georgia law not to sell, deliver or otherwise entrust firearms or firearm components to a person the Defendants knew or should have known to be a minor. The Defendants therefore were negligent under Georgia law in entrusting their firearm components to J.C.

29. The Defendants' sales of firearm kits and components to J.C. were conducted in violation of various federal statutes as alleged in Paragraphs 16 and 17 above.

30. The Defendants' sale of firearm kits and components to J.C., in violation of federal law as alleged in Paragraphs 16 and 17 above, constituted negligence per se under Georgia law.

31.   Since the Defendants' sales to J.C. constituted negligent entrustment and/or negligence per se under Georgia law, this action for damages on behalf of Z.T. is permissible under federal law. *See* 15 U.S.C. §§7903(5)(ii)-(iii).

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants for damages and the costs of this action and further demand trial by jury of all issues so triable as of right.

### DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand trial by jury of all issues so triable as of right.

Dated this 20th day of March 2023.

ISENBERG & HEWITT

*/s/ Melvin L Hewitt*
Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
600 Embassy Row, Suite 150
Atlanta GA 30328
T 770 351 4400 /   F 770 828-0100
mel@isenberg-hewitt.com

BOONE & DAVIS

*/s/ Michael Davis*
Michael Davis (Pro Hac Pending)
Florida Bar No. 330094
2311 North Andrews Avenue
Fort Lauderdale, FL 33311
T 954-566-9919 / F 954-556-2680
MDavis@boonedavis.com

GERSON & SCHWARTZ

*/s/ Edward S Schwartz*
Edward S. (Steven) Schwartz, (Pro Hac Pending)
Florida Bar No. 346721
Philip M. (Maurice) Gerson, (Pro Hac Pending)
Florida. Bar No. 127290
1980 Coral Way
Miami, FL  33145
305-371-6000
eschwartz@gslawusa.com
pgerson@gslawusa.com