UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHAMIAH SHARP, as mother, natural guardian and next friend of Z.T., a minor,<br><br>    Plaintiff,<br><br>vs.<br><br>POLYMER80 INC., a Nevada corporation, POLYMER80 ENTERPRISE PROPERTIES, LLC, a Nevada limited liability company, and DELTATEAMTACTICAL.COM, a Utah limited liability company d/b/a DELTA TEAM TACTICAL,<br><br>    Defendants. | CIVIL ACTION<br><br>CASE NO. 7:23-cv-33-WLS |

**DEFENDANT DELTATEAMTACTICAL.COM'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Defendant DeltaTeamTactical.com d/b/a Delta Team Tactical ("Delta"), pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(e), and Local Rule 7.1, submits this Brief in Support of its Motion to Dismiss or, in the Alternative, for a More Definite Statement.

**INTRODUCTION**

This case arises from a series of unfortunate events culminating in tragedy, wherein, according to the Complaint, minor "J.C." assembled a firearm from parts purchased online, discharged the gun while playing with it at J.C.'s home, and seriously injured minor "Z.T.", who was struck by the bullet. Plaintiff Shamiah Sharp, the mother of Z.T. ("Plaintiff"), has asserted legal claims against three distinct companies — (i) Delta, a company that sells, among other products, kits which have the capability, through sophisticated milling and construction techniques, to be legally and lawfully used to construct an operable firearm, (ii) Polymer80, Inc.

1

("Polymer80"), and (iii) Polymer80 Enterprise Properties, LLC ("PEP"). The Complaint does not contain a distinct statement of the claims being brought against these Defendants, nor does it ascribe specific allegations or conduct to specific Defendants. Rather, in a cursory and inconspicuous fashion, Plaintiff identifies the following two claims in the final two paragraphs of her Complaint — negligent entrustment (¶31) and negligence per se (¶¶30-31), doing so without any differentiation between the various Defendants, without identifying the elements of the two claims, and without any application of the facts alleged to the law.

Plaintiff's Complaint consists of formulaic recitations, it omits key components of its constituent claims, and it relies on mere conclusions. This method of pleading makes it impossible for Delta to understand and meaningfully address the legal claims asserted against it. Pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8(a)(2), and the plausibility standard set forth in the Iqbal/Twombly line of cases, the Court should dismiss the Complaint, as it fails to allege sufficient, plausible facts to support Plaintiff's claims for negligent entrustment and negligence per se. Compounding the problem, Plaintiff's Complaint is what the 11th Circuit has described as a "shotgun" pleading. First, it fails to set forth discrete, independent claims for relief. Second, it lumps the Defendants together and fails to attribute specific conduct to any of the three Defendants. Delta is entirely separate and distinct from both Polymer80 and PEP, yet the Complaint impermissibly treats all three defendants as a single actor. This indiscriminate grouping of multiple defendants – and the corresponding failure to specify which defendant committed which allegedly wrongful act – is a patently deficient method of pleading which warrants dismissal. Mason v. Midland Funding LLC, No. 1:16-CV-02867-CC-RGV, 2017 WL 6994577, at *12 (N.D. Ga. July 27, 2017).

## STATUTORY BACKDROP

Plaintiff proceeds from a fundamental misunderstanding of the scope and application of the federal statutes referenced in her Complaint. The federal statutes in question all deal with the regulation of "firearms." However, the "kits," frames," "receivers" and "blanks" referenced in the Complaint (¶12) are not "firearms" as that term is defined in the United States Code. The products identified in the Complaint, including build-kits and frames, fall squarely outside of the statutory definition of a "firearm." As such, products of that kind are widely sold on the internet by various unlicensed companies. Because the underlying products are not "firearms," Plaintiff begins from a faulty premise, and there are no facts alleged or that could be alleged to support Plaintiff's assumption that Delta violated the statutes in question. To better explain this point, a brief discussion of the statutory and regulatory framework is in order.

The Gun Control Act ("GCA") defines the term "firearm" as "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device." 18 U.S.C. § 921(a)(3). This was the definition at the time of the events claimed by Plaintiff (before May 1, 2021). The United States Congress delegated authority to the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") to regulate firearms in interstate commerce under the GCA. *See* VanDerStok v. BlackHawk Mfg. Grp. Inc., No. 4:22-CV-00691-O, 2022 WL 16680915, at *1 (N.D. Tex. Nov. 3, 2022). On August 24, 2022, **after** the events described in the Complaint, the ATF set forth a final rule, entitled "Definition of 'Frame or Receiver' and Identification of Firearms (Final Rule 2021R-05F) (the "Final Rule"). The Final Rule is codified at 27 C.F.R. pts. 447, 478, and 479. The Final Rule purported to expand the definition of "firearm" beyond the scope of the statutory definition

to include certain build kits and frames. Prior to the Final Rule's enactment, and at the time of the events at issue, build kits or frames (such as the ones distributed by Delta) were not considered "firearms" by the ATF. This legal reality is highlighted by recent court rulings acknowledging the previous state of the law and the ATF's attempted, but unsuccessful, expansion of the law. *See generally,* VanDerStok, 2022 WL 16680915; Polymer80, Inc. v. Garland, et al., 4:23-cv-00029, (N.D. Tex. Mar. 19, 2023, Dkt. 27), copy attached as **Exhibit 1**.

The Northern District of Texas ultimately enjoined the ATF from enforcing its broad description and interpretation of "firearm" and entered the following conclusion:

> [T]he Final Rule purports to regulate firearm parts—including incomplete, non-functional receivers and weapon parts kits—contrary to the plain language of the GCA, which confined ATF's authority to regulation of "firearms," a term clearly defined by the statute." VanDerStok, 2022 WL 16680915, at *3.

The VanDerStok Court found that "the Final Rule's expanded definition of "frame or receiver" to include partially manufactured, non-functional receivers within the meaning of "firearms"—contrary to the GCA's clear statutory definition—is facially unlawful." Id.

In the aforementioned Polymer80 decision, the Northern District of Texas held that the Final Rule exceeds the scope of the ATF's statutory authority because its redefinition of "frame or receiver" and its treatment of parts kits were inconsistent with the GCA's plain language. Id. at p. 10. The court reasoned that:

> "Congress carefully defined its terms in the Gun Control Act. The primary definition of "firearm" in the Act contains three parts: any weapon (including a starter gun) which [1] will or [2] is designed to or [3] may readily be converted to expel a projectile by the action of an explosive. Under this primary definition, a firearm is first and foremost a weapon. Underscoring that point, Congress explicitly named starter guns in the definition because starter guns are not obviously ***weapons***. Then, because weapon ***parts*** also are not "weapons," Congress created a secondary definition covering specific weapon ***parts***: the frame or receiver of any such weapon. Congress did not cover all weapon parts—only frames and receivers."

Id. at p. 11 (internal citations and quotations omitted) (emphasis added). But in the Final Rule, the ATF had interpreted "frame or receiver" as two separate parts. The court explained:

> "[T]he Final Rule did not merely update ATF's terminology. ATF added an entirely new section expanding its jurisdiction to include partially complete, disassembled, or nonfunctional frame[s] or receiver[s]. ATF now claims authority to regulate *parts* that are designed to or may readily be completed, assembled, restored, or otherwise converted to function as a frame or receiver. Id., at 12 (internal citations and quotations omitted) (emphasis added).

Ultimately, the Polymer80, Inc. Court found that the Final Rule's "redefinition of 'frame or receiver' conflicts with the statute's plain meaning" and "[t]hat which *may become* a receiver is not itself a receiver." Id. at 12 (emphasis in original). As such, at the present time, the ATF's expanded definition is "facially unlawful". Id. at 13. "Congress did not regulate firearm parts, let alone parts kits[.]" Id. at 18. Thus, it is clear that at the time of the unfortunate events described in the Complaint, the products alleged to have been sold by Delta were not "firearms" under the GCA and, even now, as a result of the recent injunction, Delta's products remain outside of the statutory definition of "firearm." 27 C.F.R. §§ 478.11 and 478.12. VanDerStok, 2022 WL 16680915, at *5.

## ARGUMENT AND CITATION OF AUTHORITY

Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement is meant to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint that fails to meet this standard is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must

5

include sufficient factual allegations "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. Id. at 556.

Under Twombly and Iqbal, a plaintiff must do more than recite legal conclusions or make broad assertions of fact. A plaintiff must allege facts with sufficient specificity to establish a plausible, non-conjectural claim for relief. "While a complaint does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bryant v. Citgroup Inc., 512 Fed.Appx 994, 995 (11th Cir. 2013) (quoting Twombly, 550 U.S. at 555). As summarized by the 11th Circuit, "[t]he mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss," and "the well-pled allegations must nudge the claim across the line from conceivable to plausible." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252 (11th Cir. 2009) (quoting Iqbal and Twombly).

In negligence actions, to meet the above-stated standard, a plaintiff is required to plead sufficient factual allegations to support each element of the claim. Thus, in Newbauer v. Carnival Corp., 26 F.4th 931, 935 (11th Cir. 2022), where the 11th Circuit was tasked with determining if a "facially plausible claim" had been pled, it found as follows:

> Reviewing Newbauer's complaint and accepting her allegations as true, we conclude that Newbauer failed to include any factual allegations that were sufficient to satisfy the pleading standard set forth in *Iqbal* and *Twombly* such that it is facially plausible that Carnival had actual or constructive notice of the dangerous condition. Rather, her complaint contains only conclusory allegations as to actual or constructive notice.

As will be explained below, Plaintiff's Complaint is also conclusory in nature and lacking in specific factual information to support required elements of the claims asserted. As such, it fails to meet the "plausibility" standard of Fed. R. Civ. P. 8(a) and is subject to dismissal.

I.     **THE COURT SHOULD DISMISS THE COMPLAINT.**

   A.     **The Complaint Fails to Allege Specific, Plausible Allegations to Support the Elements of the Asserted Legal Claims.**

      1.     <u>Plaintiff's Claim for Negligent Entrustment Fails</u>.

A claim of negligent entrustment must satisfy each of the following elements: (1) an act of entrusting an instrumentality to another, (2) with actual knowledge that the other person is incompetent by reason of such person's age or inexperience, such person's physical or mental condition, or such person's known habit of recklessness, and (3) a causal connection between the negligent entrustment and the injury sustained. <u>Zaldivar v. Prickett</u>, 297 Ga. 589, 602 (2015); <u>Cobra 4 Enterprises v. Powell-Newman</u>, 336 Ga. App. 609, 616 (2016); <u>Quynn v. Hulsey</u>, 310 Ga. 473, 479 (2020).

Plaintiff fails to allege that Delta had actual knowledge (i) that J.C. was incompetent because of J.C.'s age, inexperience or physical or mental condition or (ii) that J.C. was known to be habitually reckless. Plaintiff further fails to plead any factual allegations that could warrant an inference that such element is met. Plaintiff omits this element entirely, failing to even acknowledge that it is required. Instead, Plaintiff asserts conclusory allegations that Defendants had a duty not to "sell, deliver or otherwise entrust firearms or firearm components to a person Defendants knew or should have known to be a minor." [Complaint, ¶¶27-28.] This, however, is not a correct statement of the law. Entrusting a firearm to a minor is not, by itself, a negligent act under Georgia law. In <u>McBrayer v. Dickerson</u>, 192 Ga. App. 725, 725 (1989), the defendant, who had allowed a 14-year-old friend to take possession of his pistol, was not liable for an accidental shooting of another child given the absence of evidence that the child who loaned the gun knew that his friend was incompetent or habitually reckless. In so holding, the Georgia Court of Appeals held that evidence of the shooter's below-average grades and of past instances

7

of throwing rocks at cars was not sufficient evidence of incompetence or habitual recklessness with firearms to support a claim of negligent entrustment. Plainly then, Plaintiff must do far more than vaguely allege that Defendants "knew or should have known" that J.C. was a minor. Actual knowledge of either incompetence or recklessness is required. And by alleging that Defendants "should have known", Plaintiff tacitly admits that it cannot in good faith plead actual knowledge of this essential aspect of the claim.

Additionally, the 11th Circuit requires that, where proximate cause is an element of a claim, that the Complaint meet the Iqbal/Twombly standard in pleading how the defendant's alleged conduct proximately caused the plaintiff's injury. In Simpson v. Sanderson Farms, Inc., 744 F.3d 702 (11th Cir. 2014), the 11th Circuit upheld the dismissal of an amended complaint for failure to plausibly plead that the allegedly wrongful conduct had proximately caused the injury. In assessing the plaintiffs' deficient pleading, the Court noted that the plaintiffs had "effectively conceded that their theory of proximate cause is just but-for cause repackaged," and the Court concluded that "the plaintiffs cannot plausibly establish proximate cause merely by tacking a conclusory allegation onto their high-level market claims." Id. at 713.

In the present case, the Complaint does not make even a token effort to identify the conduct of Delta that could be deemed a proximate cause of the injury. Instead, as in the Simpson case, Plaintiff gets no further than but-for causation (i.e., but for Defendants' alleged sale of the assembly kits, the injury would not have happened) – and even that level of causal analysis is not actually pled but left to be inferred. Accordingly, even assuming the threadbare allegations of the Complaint are true, because essential elements of her negligent entrustment claim (i.e., actual knowledge of incompetence or recklessness and proximate cause) are not addressed, the Court should dismiss that claim.

      2.      <u>Plaintiff's Claim for Negligence Per Se Fails</u>.

The Complaint also fails to plead facts supporting the necessary elements of a claim of negligence per se. In general, a claim of negligence per se arises when a statute or ordinance imposing a legal duty for the protection of others is violated, resulting in an injury. <u>Schaff v. Snapping Shoals Elec. Membership Corp.</u>, 330 Ga. App. 161, 164 (2014); <u>Swinney v. Schneider Nat. Carriers, Inc.</u>, 829 F. Supp. 2d 1358, 1367 (N.D. Ga. 2011). To recover, however, the plaintiff must show, first, that the victim fell within the class of persons the statute or ordinance was intended to protect and, second, that the plaintiff's injury is the same type of harm the statute or ordinance was intended to prevent" <u>R & R Insulation Servs., Inc. v. Royal Indem. Co.</u>, 307 Ga. App. 419, 425 (2010). As with any negligence claim, the plaintiff must also show a causal connection between the negligence and the injury. <u>Swinney</u>, 829 F. Supp. 2d at 1367.

      (a)      *The Products Sold by Delta Fall Outside of the Statutory Definition of "Firearm." Therefore, No Statutory Violation Could Have Occurred.*

As a threshold matter, Plaintiff must plausibly allege the violation of a statute or ordinance. This requires more than quotations from the federal code followed by conclusory statements that track the statutory language. In <u>Kurtzman v. Nationstar Mortg. LLC</u>, 709 F. App'x 655, 658–59 (11th Cir. 2017), a claim under the Fair Debt Collections Practice Act (FDCPA) was dismissed because the complaint omitted any factual content plausibly showing that the defendant qualified as a "debt collector" within the FDCPA's meaning. In upholding the dismissal, the 11th Circuit stated: "To state an FDCPA claim, Kurtzman must plausibly allege sufficient factual content to enable the Court to draw a reasonable inference that Nationstar meets the FDCPA's definition of "debt collector" and is thus subject to the Act." <u>Id</u>. at 658-59. Ultimately, the 11th Circuit rejected the plaintiff's conclusory and formulaic recitations and ruled that the complaint lacked the necessary factual content to enable the Court to infer that the statute

9

applied to the defendant. Id. at 659; *see also* American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290-95 (11th Cir. 2010) (affirming district court's dismissal of RICO claim under Iqbal/Twombly on the basis that plaintiffs had failed to plausibly plead facts supporting the statutory elements of the claim).

Plaintiff's negligence per se claim fails from the outset by not alleging plausible facts sufficient to support its mistaken assumption that the products in question (which the Complaint itself clearly identifies as "frames," "kits," and "components") are "firearms" for the purposes of the cited statutes (i.e., 18 U.S.C. § 922 and 26 U.S.C. §§ 5861). For those statutes to apply, the product sold must fall under the statutory definitions of "firearm" contained within each chapter - 18 U.S.C. § 921 for allegations under 18 U.S.C. § 922 and 26 U.S.C. § 5845 for allegations under 26 U.S.C. § 5861. Except in certain very limited circumstances, none of which are alleged to be present in this instance, the term "firearm" does not include mere parts or kits. The Northern District of Texas has explained: "[T]he Final Rule purports to regulate firearm parts—including incomplete, non-functional receivers and weapon parts kits—contrary to the plain language of the GCA, which confined ATF's authority to regulation of "firearms," a term clearly defined by the statute." VanDerStok, 2022 WL 16680915, at *3.

The VanDerStok Court found that "the Final Rule's expanded definition of "frame or receiver" to include partially manufactured, non-functional receivers within the meaning of "firearms"—contrary to the GCA's clear statutory definition—is facially unlawful." Id. In other words, the ATF – the governmental agency that oversees the distribution and sale of firearms – had no restriction in place on the sale or use of the products distributed by Delta at the time of the events set forth in the Complaint. *See* VanDerStok, 2022 WL 16680915, at *5; Polymer80, Inc, at pp. 10-12. Even now, the current state of the law is that the products sold by Delta are not

10

"firearms." To the extent that Plaintiff has a theory of how the products in question could nevertheless meet the statutory definition of "firearm", she never discloses it. The omission of any factual allegations plausibly establishing the products in question as "firearms" renders Plaintiff's claims implausible under Fed. R. Civ. P. 8(a) and subject to dismissal.

>   (b)   *Dismissal is Appropriate Because Plaintiff Fails to Plead Plausible Facts to Establish the Applicability of or a Violation of the Cited Statute.*

Plaintiff broadly alleges that the Defendants (once again without distinguishing between the Defendants) violated "one or more of the following" seven federal statutes: 18 U.S.C. § 922(a)(1)(A), (a)(2), (b)(1), (b)(3), (c)(1), (t)(1)(A), and (x)(1)(A). [Complaint, ¶16.] On the basis of this sweeping allegation, Plaintiff brings a claim of negligence per se. Not only does Plaintiff refuse to commit to any particular statute having been violated (merely indicating that at least one from its lengthy list has been), she also fails to make clear which provisions of the cited statutes were violated and by what conduct. At no point is *any* specific conduct by Delta identified which might support the conclusion that Delta violated "one or more" of the referenced statutes. To illustrate, Plaintiff cites two sub-parts of 18 U.S.C. § 922(a) which restrict persons from shipping, transporting, or receiving any firearm in interstate or foreign commerce. But Plaintiff does not allege a single fact to support her position that Delta or any other Defendant ships, transports, or receives "firearms" in interstate or foreign commerce. Plaintiff impermissibly treats that as established fact.

Plaintiff also alleges that the Defendants (again without saying which Defendant) violated 26 U.S.C. §§ 5861(i)-(j). Plaintiff only includes the conclusory allegation that the statute was violated because "Defendants have also sold firearm frame blanks without inscribing or requiring the inscription of serial numbers." [Complaint, ¶17.] But Plaintiff fails to articulate

11

why the unassembled kit in question (which, again, is not a "firearm" within the federal code's definition of that term) would require the inscription of a serial number under the law. Plaintiff pleads so broadly and generically that is not even clear whether she is referring to the products involved in this case or to some other products sold by one of the Defendants. Plaintiff merely cites a federal statute, then broadly alleges its violation without drawing any meaningful connection between the statutes cited and the subject incident and injury.

      (c)    *Dismissal is Appropriate Because Plaintiff Fails to Plead Plausible Facts to Establish Proximate Cause.*

In bringing a claim of negligence per se, a plaintiff must also plead facts plausibly suggesting that the statutory violation was a proximate cause of the alleged injury. Duncan v. Randolph, 236 Ga. App. 566, 567 (1999)("It is well established, however, that even when negligence per se is shown, the plaintiff must still prove proximate cause and actual damage in order to recover."). In In re Equifax, Inc., Customer Data Sec. Breach Litig., 362 F. Supp. 3d 1295, 1328 (N.D. Ga. 2019), the Court held as follows:

> Under Georgia law, negligence per se is "not liability per se." Even if negligence per se is shown, a plaintiff must still prove proximate causation and actual damage to recover.

The only reference to proximate cause in the entire Complaint pertains to J.C.'s conduct, not to the conduct of any Defendant.[1] Plaintiff makes no effort to explain how Defendants' alleged violations of the cited statues could constitute a proximate cause of the harm to Z.T. With respect to 26 U.S.C. §§ 5861(i)-(j), the problem this creates is particularly conspicuous. Even if one assumes that those code sections apply to one or more of the Defendants or to the products in

---

[1] Paragraph 26 begins as follows: "As a direct and proximate result of the firearm discharge referenced in the preceding paragraph, Z.T. was injured in and about his body and extremities."

12

question, Plaintiff's Complaint never addresses how the absence of a serial number on the parts in question could have contributed causally to Z.T.'s injuries.

> (d) *Plaintiff's Complaint Fails to Allege Plausible Facts Demonstrating that the Statutes in Question Were Intended to Protect Z.T. or that the Injury was of the Type the Statutes Were Intended to Protect.*

As noted above, even assuming that a violation of a statute occurred, for there to be negligence per se under Georgia law, it must be established that (1) the injured person falls within the class of persons the statute was intended to protect and (2) the harm complained of was of the type the statute was meant to prevent. Norman v. Jones Lang Lasalle Americas, Inc., 277 Ga. App. 621, 628 (2006). Wholly ignoring this requirement, Plaintiff's Complaint fails to articulate or allege any of these things. It never identifies the class of persons meant to be protected by any of the cited statutes, nor does it address whether Z.T. fell within that class of persons. Likewise, it never discusses the type of injuries that any the referenced statutes are intended to prevent or whether Z.T.'s injuries are of that same type.

In Goldstein, Garber & Salama, LLC v. J.B., 300 Ga. 840, 847 (2017), the Court considered whether sexual assault was the type of harm sought to be prevented by O.C.G.A. § 43-11-21.1, a statute concerning administration of anesthesia by dentists. Because the statute's underlying concern was avoidance of medical complications, not sexual assault, the Court entered a directed verdict on the negligence per se claim. Clearly then, to bring a claim of negligence per se, it is not enough to allege that a statute was violated. The plaintiff has an additional obligation to show a linkage between the statute, on the one hand, and the person injured and his or her injury, on the other. One cannot simply assume the applicability of a statute, as Plaintiff has done in this case.

**B.     The Complaint is an Improper Shotgun Pleading.**

The 11th Circuit has "roundly, repeatedly, and consistently condemn[ed]" the use of

shotgun pleadings which, by their very nature, violate the pleading requirements of Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 10(b).[2] Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008). *See also* Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015). The 11th Circuit has described a shotgun pleading as one that contains one of the following four characteristics:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (citing Weiland, 792 F.3d at 1321-22). Regardless of its specific category or type, the "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

Shotgun pleadings have been repeatedly condemned because they "divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006). The 11th Circuit "warns that actions founded on shotgun pleadings should not be permitted because 'issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Rizzo-Alderson, 2017 WL 4410096, at *1 (quoting Anderson v. Dist. Bd. of Trs., 77 F.3d 364, 367 (11th Cir. 1996)). Indeed, "[t]olerating [shotgun pleadings] constitutes

---

[2] Fed. R. Civ. P. 10(b) requires that each claim in a complaint that is "founded on a separate transaction or occurrence . . . be stated in a separate count."

14

toleration of obstruction of justice." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357 (11th Cir. 2018). District courts, then, have a duty to sua sponte "step in and require a repleader on its own initiative." Starship Enterprises of Atlanta, Inc. v. Coweta Cty., 708 F.3d 1243, 1250 n.7 (11th Cir. 2013).

        1.        The Complaint Fails to Distinguish the Alleged Conduct Among the Named Defendants.

The Complaint is a prototypical shotgun pleading as it attributes all alleged conduct to all Defendants with no effort at differentiation. Plaintiff names three separate and distinct companies as defendants (Polymer80, PEP, and Delta), but fails to distinguish between them in any way. For example, Plaintiff alleges that "J.C. [a minor] purchased a ghost gun kit… from **Defendants**," but Plaintiff does not state whether J.C. purchased the kit from Polymer80, from PEP, or from Delta. [Complaint, ¶19] (emphasis added). Because it is not possible for J.C. to have simultaneously purchased a single kit from three distinct Defendants, Plaintiff's broad and indiscriminate attribution of that alleged act to all three Defendants is improper.

The Complaint further alleges that "**Defendants** delivered the frame blank… to J.C. at her residential address[.]" [Complaint, ¶20.] (emphasis added). Again, Plaintiff fails to specify which Defendant allegedly engaged in such conduct. Similarly, Plaintiff alleges that "**Defendants** did not require or perform a background check on J.C." – again, without distinguishing which Defendant is being accused of this alleged failure. [Complaint, ¶21] (emphasis added). In sum, it is unknowable from the Complaint who among the three Defendants is accused of selling the kit, delivering the kit, and failing to perform an allegedly required background check. Delta is left without knowing which allegations pertain to it and what conduct forms the basis of Plaintiff's claims against it.

        2.        <u>The Complaint Fails to Set Forth Discrete, Independent Claims for Relief</u>.

A complaint that fails to set forth discrete causes of action in separate counts is subject to dismissal. <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996) (explaining that "[n]owhere in count one do the Cesniks set forth any of the elements of these causes of action or the facts underpinning them."). In the present case, Plaintiff's Complaint fails to separate the claims into separate counts and thus fails to state a claim upon which relief can be granted. Plaintiff does not even identify a "First Claim for Relief" or "First Cause of Action" and fails to identify factual allegations supporting the elements of each of these claims. Rather, Plaintiff states in conclusory fashion that "Defendants therefore were negligent under Georgia law in entrusting their firearm components to J.C." and "Defendants' sale of firearm kits… constituted negligence per se under Georgia law." [Complaint, ¶¶ 28, 30.] Plaintiff fails to identify which facts relate to these causes of action and fails to plead the elements required to assert claims for negligent entrustment or negligence per se.

## II.     ALTERNATIVELY, PLAINTIFF SHOULD BE REQUIRED TO RE-PLEAD AND PROVIDE A MORE DEFINITE STATEMENT OF HER CLAIMS.

To the extent that any portion of the Complaint is not dismissed, Delta requests that this Court issue an order requiring Plaintiff to re-plead and provide a more definite statement of claims. Where a complaint is "so vague or ambiguous that a party cannot reasonably prepare a response," the responding party should move for a more definite statement. Fed. R. Civ. P. 12(e). Where a plaintiff is guilty of utilizing shotgun pleadings, the district court must strike those pleadings and instruct counsel for the plaintiff to re-plead the case *if* that counsel is able, in good faith, to do so while making the representations required by Fed. R. Civ. P. 11(b). <u>Jackson v. Bank of Am., N.A.</u>, 898 F.3d 1348, 1357 (11th Cir. 2018). In <u>Litman v. Mabus</u>, No. 1:13-CV-43 WLS, 2013 WL 5781666, at *2 (M.D. Ga. Oct. 25, 2013), this Court held as follows:

> The vehicle to remedy a shotgun pleading is a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). Motions for a more definite statement are ordinarily disfavored. Notwithstanding that, a defendant faced with a [shotgun pleading] is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.") (cleaned up); *Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364, 366 (11th Cir. 2013) ("[A] defendant faced with a [shotgun pleading] is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.".

In Litman, this Court referred to the plaintiff's complaint as a "quintessential shotgun pleading." Likewise, as fully explained above, the Complaint filed by Plaintiff in this case is the very definition of a "shotgun" complaint. Rather than requiring Delta to provide a response to such a deficiently pled Complaint, this Court should, to the extent any portion of the Complaint is not dismissed, require Plaintiff to file a more definite statement, in accordance with Rule 12(e).

## **CONCLUSION**

As stated in Iqbal, "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. at 678-679. In total disregard of Plaintiff's pleading obligations, the Complaint consists entirely of vague and conclusory allegations, with no recitations of the elements of the claims and no application of the facts to the law. The Complaint also impermissibly lumps all three Defendants together, with no individualized allegations and without separate counts for separate claims. To the extent the Complaint contains factual allegations, they are pled in the vaguest possible manner, and they are directed against all Defendants en masse in every instance.

Plaintiff's two theories of recovery are only hastily disclosed at the end of its Complaint, with no attention paid to their constituent elements. This runs afoul of both Fed. R. Civ. P. 8 and the prohibition on shotgun pleadings. As such, Plaintiff's First Amended Complaint is deficient

17

and should be dismissed in its entirety under Fed. R. Civ. P. 12(b)(6). However, to the extent that any portion of the Complaint is not dismissed, Delta respectfully requests that the Court issue an order requiring Plaintiff to provide a more definite statement of its remaining claims.

Respectfully submitted this 25th day of April, 2023.

                                        LANGDALE VALLOTTON

/s/ *James R. Miller*
James R. Miller
Georgia Bar No. 159080

1007 North Patterson Street
PO Box 1547
Valdosta, Georgia 31603-1547
(229) 244-5400
jmiller@langdalelaw.com


DENTONS DURHAM JONES PINEGAR

/s/ *Matthew J. Orme*
Matthew J. Orme (Admitted *Pro Hac Vice*)
Utah Bar No. 13323
111 S. Main Street, Suite 2400
Salt Lake City, Utah 84111
(801) 415-3000
matt.orme@dentons.com

*Counsel for Defendant
DeltaTeamTactical.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2023 the foregoing Brief in Support of DeltaTeamTactical.com's Motion to Dismiss was filed with the Clerk of Court using the CM/ECF system and served upon the below listed counsel of record via the court's electronic filing system.

> Melvin L. Hewitt, Jr.
> ISENBERG & HEWITT
> 600 Embassy Row, Suite 150
> Atlanta GA 30328
> mel@isenberg-hewitt.com
>
> Michael Davis
> BOONE & DAVIS
> 2311 North Andrews Avenue
> Fort Lauderdale, FL 33311
> MDavis@boonedavis.com
>
> Edward S. Schwartz
> Philip M. Gerson
> 1980 Coral Way
> Miami, FL 33145
> eschwartz@gslawusa.com
> pgerson@gslawusa.com

This 25th day of April, 2023.

> LANGDALE VALLOTTON, LLP
>
> */s/ James R. Miller*
> JAMES R. MILLER
> Georgia Bar No.: 159080
> *Attorneys for Defendant*
> *DeltaTeamTactical.com*

1007 North Patterson Street
Post Office Box 1547
Valdosta, Georgia 31603-1547
(229) 244-5400

20