IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHAMIAH SHARP, as mother, natural guardian, and next friend of Z.T., a minor, residents and citizens of Georgia,<br><br>    Plaintiff,<br>v.<br><br>POLYMER80, INC., a Nevada corporation, POLYMER80 ENTERPRISE PROPERTIES, LLC, a Nevada Limited Liability Company, and DELTATEAMTACTICAL.COM, a Utah Limited Liability Company,<br><br>    Defendants. | Civil Action No.<br>7:23-cv-00033-WLS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS POLYMER80, INC.'S AND POLYMER80 ENTERPRISE PROPERTIES, LLC'S MOTION TO DISMISS**

Defendants Polymer80, Inc., and Polymer80 Enterprise Properties, LLC (collectively, the "Polymer80 entities"), respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 8, 12(b)(2), and 12(b)(6).

## INTRODUCTION

The crux of the Complaint is that "Defendants" are liable for tragic injuries to a minor, Z.T., resulting from another minor's purchase, manufacture, and misuse of a Polymer80 product. (ECF No. 1). But federal pleading standards require "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Federal courts likewise abhor shotgun pleadings, which "exact an intolerable toll on the trial court's docket." *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). With that backdrop, four defects compel dismissal of the Complaint.

***First***, the Complaint is an impermissible shotgun pleading that "fails to comply with the minimum standard of Rule 8." *Joseph v. Bernstein*, 612 F. App'x 551, 555 (11th Cir. 2015). The Complaint "indiscriminately lumps together multiple defendants without specifying how each is responsible for acts or omissions that give rise to [Plaintiff's] claim[s]." *Clifford v. Federman*, 855 F. App'x 525, 528 (11th Cir. 2021). It also "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). These deficiencies render it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (cleaned up).

***Second***, this Court lacks personal jurisdiction over Polymer80 Enterprise Properties, LLC, which is not at home in Georgia and has no contacts with the state. (Ex. A ¶¶ 6–15). It engaged in no "suit-related conduct" that "create[d] a substantial connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Polymer80 Enterprise Properties, LLC should be dismissed.

***Third***, the Complaint fails to state a claim for negligent entrustment or negligence *per se*. (ECF No. 1 ¶¶ 27–31). Plaintiff has not plausibly alleged that either Polymer80 entity sold a product to J.C. with actual knowledge that J.C. was a minor or incompetent. *Williams v. Ngo*, 656 S.E.2d 193, 195 (Ga. Ct. App. 2007). Nor has Plaintiff plausibly alleged the violation of any firearms statute. *See* ECF No. 27, *Polymer80, Inc. v. Garland*, 4:23-cv-00029-O (N.D. Tex. Mar. 19, 2023) (holding Polymer80's unfinished frames and parts kits are not firearms under the Gun Control Act), attached to DeltaTeamTactical.com's Motion to Dismiss (ECF No. 15-2).

***Fourth***, the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. § 7901 *et seq.*, preempts this lawsuit. Congress enacted PLCAA "[t]o prohibit causes of action" that seek to blame firearms-industry companies for the "criminal or unlawful misuse" of their products. *Id.* § 7901(b)(1). PLCAA does so here and compels "immediate[] dismiss[al]." *Id.* § 7902(b).

## FACTUAL AND PROCEDURAL BACKGROUND

Polymer80, Inc. is a Nevada corporation that designs, manufactures, and distributes firearms, non-firearm products, and other innovative components and accessories. (ECF No. 1 ¶¶ 7, 12, 15). Polymer80, Inc.'s products include unfinished frames and associated parts kits that—with the necessary equipment, tools, components, know-how, and machining workmanship—can be lawfully manufactured into functional frames or weapons, respectively. (*Id.* ¶ 12).

Polymer80 Enterprise Properties, LLC is a Nevada limited liability company that had no contacts with Georgia. (Ex. A ¶¶ 6–15). It is separate and distinct from Polymer80, Inc., and its only connection to the marketing or sale of Polymer80 products is that it formerly held a lease on a building that Polymer80, Inc. planned to move into but never did. (*Id.* ¶¶ 10–15).

According to the Complaint, a minor referred to as J.C. purchased online a Polymer80 parts kit that included an unfinished "frame blank, [other] components[,] and jig . . . from Defendants." (ECF No. 1 ¶ 19). J.C. allegedly manufactured a functional weapon from that "kit and components." (*Id.* ¶ 22). During a social gathering at her residence, "J.C. was playing with the Glock style firearm she had assembled from the kit and components supplied by Defendants" while it was "loaded with ammunition J.C. had also purchased" from some unnamed entity. (*Id.* ¶ 24). At some point, "the firearm discharged, causing a bullet to strike and enter Z.T.'s head." (*Id.* ¶ 25).

Plaintiff Sharp, on behalf of Z.T., filed this lawsuit against the Polymer80 entities and DeltaTeamTactical.com. (ECF No. 1). Plaintiff alleges that "the Defendants' sales to the minor J.C." constitute negligent entrustment under Georgia law because they "knew or should have known" that J.C. was a minor. (*Id.* ¶¶ 27–28). Plaintiff also alleges that "[t]he Defendants' sales" violated "various federal statutes" and constitute negligence *per se* under Georgia law. (*Id.* ¶¶ 29–30). Each of these allegations fails as a matter of law.

## STANDARDS OF REVIEW

***Rule 12(b)(2)***. The Plaintiff "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "When a defendant challenges personal jurisdiction 'by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)). If the parties submit conflicting evidence, then the court "must construe all reasonable inferences in favor of the plaintiff." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

***Rule 12(b)(6)***. To comply with the pleading standards in Federal Rule of Civil Procedure 8(a) and "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court accepts the plaintiff's well-pleaded allegations as true and makes reasonable inferences in her favor. *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020). But those "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and the Court must disregard both conclusory statements and "[t]hreadbare recitals of the elements of a cause of action," *Iqbal*, 556 U.S. at 678.

## ARGUMENT

The Complaint is fatally defective for four reasons: it is an impermissible shotgun pleading; Plaintiff has not established personal jurisdiction over Polymer80 Enterprise Properties, LLC; the Complaint fails to state a claim for relief under Georgia law; and PLCAA preempts this lawsuit in its entirety.

### I.     Plaintiff's shotgun pleading warrants dismissal.

The Court should dismiss the Complaint because it is an impermissible shotgun pleading that violates "the minimum standard of Rule 8." *Joseph*, 612 F. App'x at 555. The hallmark of shotgun pleadings is that they "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer*, 117 F.3d at 1263. They include pleadings that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," and pleadings that fail to "separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. Plaintiff's Complaint suffers both deficiencies.

The Complaint "indiscriminately lumps together multiple defendants without specifying how each is responsible for acts or omissions that give rise to [Plaintiff's] claim[s]." *Clifford*, 855 F. App'x at 528. Every single factual allegation referencing any defendant is directed at "Defendants," a term which encompasses three distinct entities. (ECF No. 1 ¶¶ 12–31). Such pleading practices do not provide the required notice for the defendants or the Court.

The Eleventh Circuit has not hesitated to affirm dismissal of complaints that "indiscriminately lump" together multiple defendants. *See Joseph*, 612 F. App'x at 555 (affirming dismissal of complaint that "generally accuse[d] all five Defendants of the acts complained of"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (affirming dismissal of complaint "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of"); *Mathis v. City of Lakewood*, No. 22-12426, 2023 WL 2568814, at *4 (11th Cir. Mar. 20, 2023) (affirming dismissal of complaint that "largely failed to identify which of [the defendants] took which actions"). Here, the Complaint directs every relevant factual allegation at "Defendants" without attempting to allege what acts each defendant took. (*See, e.g.*, ECF No. 1 ¶¶ 12, 14, 19, 21, 28–31). Plaintiff's allegations ignore the "geographic," "temporal," and logical realities that not all of the defendants could have sold the product at issue, or at least that one defendant does not make or sell anything at all. *See Magluta*, 256 F.3d at 1284. The Complaint should be dismissed on this basis.

The Complaint also "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. Plaintiff's failure to plead each claim in a separate count is a "quintessential 'shotgun pleading.'" *Novak v. Cobb Cnty. Kennestone Hosp. Auth.*, 74 F.3d 1173, 1175 & n.5 (11th Cir. 1996) (citation omitted).

This form of pleading represents Plaintiff's failure to conduct a "minimal investigation prior to filing [her] complaint." *See Milligan Elec. Co. v. Hudson Const. Co.*, 886 F. Supp. 845, 850 (N.D. Fla. 1995) (analyzing jurisdiction). It should not be rewarded with "unnecessary and unchannelled discovery" or the associated burdens that these baseless allegations create for the defendants and the Court. *Cramer*, 117 F.3d at 1263. The Court should dismiss the Complaint.

6

**II.     The Court lacks personal jurisdiction over Polymer80 Enterprise Properties, LLC.**

The Court should dismiss all claims against Polymer80 Enterprise Properties, LLC on the separate ground that the exercise of personal jurisdiction would violate due process. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). Two types of personal jurisdiction comply with due process: "general (sometimes called all-purpose) and specific (sometimes called case-linked) jurisdiction." *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017) (quotation marks omitted). Neither exists here.

**A.     General Personal Jurisdiction**

General personal jurisdiction exists if a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). A corporation generally is "at home" in its "place of incorporation and principal place of business." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Courts within this circuit apply the same rule for limited liability companies. *See, e.g.*, *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1344 (S.D. Fla. 2017); *Garden World Images Ltd. v. WilsonBrosGardens.com LLC*, No. 1:19-cv-01035-AT, 2019 WL 8017802, at *2 (N.D. Ga. Oct. 31, 2019) ("A limited liability company is at home in the state of registration or where it has its principal place of business.").

The Complaint alleges that Polymer80 Enterprise Properties, LLC is a Nevada limited liability company. (ECF No. 1 ¶ 6). Plaintiff does not allege that Polymer80 Enterprise Properties, LLC is "at home" in Georgia, and Polymer80 Enterprise Properties, LLC in-fact has no affiliations with Georgia. (Ex. A ¶¶ 6–15). General jurisdiction does not exist.

B.       **Specific Personal Jurisdiction**

Specific personal jurisdiction is lacking because Polymer80 Enterprise Properties, LLC engaged in no "suit-related conduct" that "create[d] a substantial connection" with Georgia. *Walden*, 571 U.S. at 284. The exercise of jurisdiction over Polymer80 Enterprise Properties, LLC would therefore violate due process. *United Techs. Corp.*, 556 F.3d at 1274.

The Due Process Clause imposes three conditions on specific jurisdiction. The defendant must "take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co.*, 141 S. Ct. at 1024 (quotation marks and alteration omitted). The plaintiff's claim "must arise out of or relate to the defendant's contacts with the forum." *Id.* at 1025 (quotation marks omitted). And the exercise of jurisdiction must not "offend traditional notions of fair play and substantial justice." *Id.* at 1024.

Polymer80 Enterprise Properties, LLC does not have any contacts with Georgia and did not purposely avail itself of Georgia privileges. (Ex. A ¶¶ 5–16).[1] Plaintiff's only alleged connection is that Polymer80 Enterprise Properties, LLC sold products into Georgia. (ECF No. 1 ¶¶ 15, 19). But Polymer80 Enterprise Properties, LLC did not sell anything into Georgia. (Ex. A ¶¶ 12–13). It does not design, market, distribute, sell, or service Polymer80 products. (*Id.* ¶ 12). It did not "continuously and deliberately exploit [Georgia's] market," *Ford Motor Co.*, 141 S. Ct. at 1027, or participate in "state-related design, advertising, advice, marketing, or anything else," *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 889 (2011) (Breyer, J., concurring in the judgment), or otherwise "target[] the forum" in any way, *id.* at 882 (plurality op.). It merely held a lease for a building Polymer80, Inc. never moved into. (Ex. A ¶¶ 14–15).

---

[1] This evidentiary submission "shifts" the burden "back to the plaintiff to produce evidence supporting jurisdiction." *United Techs. Corp.*, 556 F.3d at 1274.

Nor is Polymer80 Enterprise Properties, LLC's relationship with Polymer80, Inc. a basis for jurisdiction. Because they are separate and distinct entities, (Ex. A ¶ 10), "the presence of one in a forum state may not be attributed to the other." *Consol. Dev. Corp. v. Sheritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) (analyzing parent and subsidiary entities). Rather, jurisdiction must be based on "contacts that the 'defendant *himself*' creates with the forum State." *Walden*, 571 U.S. at 284 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis in original). At bottom, Polymer80 Enterprise Properties, LLC engaged in no "suit-related conduct" aimed at Georgia and, for that reason, must be dismissed from this case. *Id.*

**III.     The Complaint fails to state a claim for relief under Georgia law.**

The Complaint attempts to assert claims for negligent entrustment and negligence *per se*. (ECF No. 1 ¶¶ 27–31). Plaintiff must plead facts "stat[ing] a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. The Complaint fails that test and should be dismissed.

**A.     Plaintiff does not state a claim for negligent entrustment.**

Under Georgia law, a defendant is liable for negligent entrustment "if he entrusts someone with an instrumentality, with *actual knowledge* that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness." *Williams*, 656 S.E.2d at 195 (emphasis in original); *see also Zaldivar v. Pricket*, 774 S.E.2d 688, 698 (Ga. 2015) (same). It is not enough "to show constructive knowledge, i.e., that the entrustor should have known the person being entrusted was not competent." *Webb v. Day*, 615 S.E.2d 570, 573 (Ga. Ct. App. 2005) (citation omitted); *Williams*, 656 S.E.2d at 196 ("The doctrine of negligent entrustment does not apply 'merely because the owner, by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver.'"). Plaintiff's claim fails because she has not plausibly

alleged that Polymer80, Inc. or Polymer80 Enterprise Properties, LLC had actual knowledge that J.C. was a minor or incompetent.

Plaintiff's legal theory is that the "Defendants" negligently failed to follow federal firearms statutes that would have revealed J.C.'s incompetency. (ECF No. 1 ¶ 28). But that alleges, at the very most, constructive knowledge, which is plainly insufficient under Georgia law. *Webb*, 615 S.E.2d at 573; *Williams*, 656 S.E.2d at 195. Plaintiff's own allegations illustrate this fatal defect. (ECF No. 1 ¶ 28 (pleading that Defendants "knew or should have known" that J.C. was a minor)). Plaintiff otherwise offers no factual allegations to support a finding or inference that any defendant sold an instrumentality to J.C. with actual knowledge that she was a minor or incompetent.[2] This claim must be dismissed. *Strozier v. Herc Rentals, Inc.*, 596 F. Supp. 3d 1336, 1345 (N.D. Ga. 2022) (granting summary judgment because "Plaintiff failed to show that Defendant had actual knowledge of [the entrustee's] incompetence"); *McBrayer v. Dickerson*, 386 S.E.2d 173, 173 (Ga. Ct. App. 1989) (affirming summary judgment because evidence "did not demonstrate incompetence or habitual recklessness with firearms" of 14-year old entrusted with firearm).

### B. Plaintiff does not state a claim for negligence *per se*.

In impermissible conclusory fashion, Plaintiff also asserts a negligence *per se* claim, alleging that "Defendants" are liable because they sold products "in violation of various federal statutes." (ECF No. 1 ¶¶ 29, 30). This claim fails because Plaintiff cannot plausibly allege a violation of any of the federal statutes she cites in her Complaint; Polymer80's frames and parts kits fall outside the scope of each statute as a matter of law. (*See id.* ¶¶ 16–17 (listing statutes)).

---

[2] Defendants likewise have no duty under Georgia law "to make inquiries" of J.C. before selling an instrumentality. *Pitts v. Ivester*, 320 S.E.2d 226, 227 (Ga. Ct. App. 1984) (rejecting argument that sheriff who lent gun to gas station attendant had a duty "to make inquiries of [the attendant] before lending him the gun").

10

Under Georgia law, "negligence *per se* arises when a statute or ordinance *is violated*." *Schaff v. Snapping Shoals Elec. Membership Corp.*, 767 S.E.2d 807, 810 (Ga. Ct. App. 2014) (emphasis added). The Georgia Court of Appeals has held that violation of the Gun Control Act ("GCA") can support a negligence *per se* claim. *West v. Mache of Cochran, Inc.*, 370 S.E.2d 169, 172 (Ga. Ct. App. 1988). But it fails if the defendant's conduct did not violate the GCA. *Knight v. Wal-Mart Stores, Inc.*, 889 F. Supp. 1532, 1536–38 (S.D. Ga. 1995) (granting summary judgment because the defendant did not violate the GCA). That is exactly the case here.

The Complaint alleges that "Defendants" sold J.C. a "ghost gun kit, including a frame blank, components and jig such as those referenced in Paragraph 12." (ECF No. 1 ¶ 19).[3] Plaintiff then alleges in conclusory nature that those sale(s) violated various provisions of the Gun Control Act. (ECF No. 1 ¶¶ 16–17, 29). Eight of those provisions apply to transactions involving a "firearm" as defined by federal law. *See* 18 U.S.C. § 922(a)(1)(A); *id.* § 922(a)(2); *id.* § 922(b)(1); *id.* § 922(b)(3); *id.* § 922(c)(1); *id.* § 922(t)(1)(A); 26 U.S.C. § 5861(i); *id.* § 5861(j). One applies to transactions involving a "handgun" as defined by federal law. 18 U.S.C. § 922(x)(1)(A). And one applies to transactions involving "ammunition." 18 U.S.C. § 922(b)(1).

To begin, Plaintiff's claim fails because her Complaint is devoid of a single fact that would support an inference that Polymer80's relevant products fall within the scope of any above-cited statute. *See Kurtzman v. Nationstar Mortg., LLC*, 709 F. App'x 655, 658–59 (11th Cir. 2017) (explaining in FDCPA case that the plaintiff "must plausibly allege sufficient factual content to enable the court to draw a reasonable inference that [the defendant]" is "subject to the Act"). As

---

[3] In Paragraph 12, Plaintiff alleged that the defendants sell "frame blanks in conjunction with kits including tools and guides or 'jigs,' thereby allowing purchasers of the frame blanks readily and quickly to finish the blanks, through simple steps such as drilling a few holes, thereby creating a full firearm frame, and then equally readily to assemble a useable firearm from the frame by adding components such as triggers, firing pins and slides." (ECF No. 1 ¶ 12).

11

such, merely listing statutes and offering a conclusory allegation that "Defendants" violated the GCA by selling Polymer80 products is deficient. *Iqbal*, 556 U.S. at 678 (plaintiff must plead non-conclusory "factual content"). In any event, even under the bare facts as pleaded, (ECF No. 1 ¶ 12), Polymer80's products are not subject to the cited GCA provisions as a matter of law.

### 1. Polymer80's unfinished frames and parts kits are not "firearm[s]."

Polymer80's unfinished frames and associated parts kits are not "firearm[s]" under the plain meaning of the GCA. Plaintiff's claim therefore fails to the extent she contends that sales of Polymer80 products violated federal statutory provisions governing "firearm[s]." (ECF No. ¶¶ 16–17 (citing 18 U.S.C. § 922(a)(1)(A); *id.* § 922(a)(2); *id.* § 922(b)(1); *id.* § 922(b)(3); *id.* § 922(c)(1); *id.* § 922(t)(1)(A); 26 U.S.C. § 5861(i); *id.* § 5861(j))).

The GCA defines "firearm" as "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device." 18 U.S.C. § 921(a)(3)(A). Polymer80's frames and parts kits are not any of these.[4]

Section 921(a)(3)(A) unambiguously does not cover unfinished frames or weapons parts kits because neither is a "weapon," which is an antecedent condition to satisfying this definition. First, Congress regulated *finished* frames and receivers in Subsection (B), which demonstrates that other individual parts are not regulated under Subsection (A). Second, Congress used "combination of parts" elsewhere in the GCA but omitted it from Subsection (A). 18 U.S.C. § 921(a)(4)(C); *id.* § 921(a)(24) (incorporating 26 U.S.C. § 5845(b)). Congress thus "intentionally

---

[4] It is beyond dispute that Polymer80's frames and parts kits do not satisfy Subsection (C) or Subsection (D). As such, this Motion address only Subsection (A) and Subsection (B).

and purposely" excluded combinations of parts from 18 U.S.C. § 921(a)(3)(A). *Collins v. Yellen* 141 S. Ct. 1761, 1782 (2021) (citation omitted). Third, the word "weapon" must mean something different than a combination of parts so to "give effect, if possible, to every word Congress used," *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 632 (2018) (citation omitted), and the word weapon does not encompass a combination of parts because Congress used both terms in the same sentence of a provision incorporated into the GCA. 18 U.S.C. § 921(a)(24) (incorporating 26 U.S.C. § 5845(b)). The Complaint concedes that these products require additional "drilling" and other "steps" before any product is "finished" or "usable," (ECF No. 1 ¶ 12), and that is fatal to reliance on Subsection (A). Because frames and parts kits are not "weapon[s]," it does not matter whether that product "will or is designed to or may readily be converted to expel a projectile." 18 U.S.C. § 921(a)(3)(A). Polymer80's frames and kits cannot satisfy Subsection (A).

Section 921(a)(3)(B) covers only *finished* frames and receivers. Congress included "conver[sion]" in Subsection (A) but omitted that language from Subsection (B), meaning Congress "intentionally and purposely" excluded unfinished frames and receivers from Subsection (B). *Collins*, 141 S. Ct. at 1782 (citation omitted). "That which *may become* a receiver is not itself a receiver," and that which may become a frame is not a frame. *See* ECF No. 27 at 12, *Polymer80, Inc. v. Garland*, 4:23-cv-00029-O (N.D. Tex. Mar. 19, 2023). The Complaint acknowledges that the products relevant to this lawsuit did not include a finished frame, (ECF No. 1 ¶¶ 12, 19), which forecloses reliance on Subsection (B).

The Northern District of Texas recently confirmed that Polymer80's products fall outside the scope of the GCA. *See* ECF No. 27, *Polymer80, Inc. v. Garland*, No. 4:23-cv-00029-O (N.D. Tex. Mar. 19, 2023) (enjoining federal defendants from enforcing ATF's Final Rule changing its interpretation of "frame or receiver" to cover unfinished frames and its interpretation of "firearm"

to cover parts kits, 87 Fed. Reg. 24,652 (Apr. 26, 2022)). The *Polymer80* court held that "weapon parts . . . are not 'weapons'" and thus cannot satisfy Subsection (A), that "[a] weapon parts kit is not a 'firearm'" under Subsection (A) or Subsection (B), and that only finished frames and receivers can satisfy Subsection (B). *Id.* at 11–18. This reasoning, faithful to the plain meaning of the GCA, strongly supports the conclusion that Polymer80's products as-alleged fall outside the scope of the GCA. (ECF No. 1 ¶¶ 12, 19). It also aligns with legislative history, which reveals that Congress enacted the GCA specifically to stop regulating firearms parts other than frames and receivers. H.R. Rep. No. 90-1577, at 4416 (June 21, 1968) ("Under former definitions of 'firearm,' any part or parts of such a weapon were included. It was found impractical to have controls over each small part of a firearm. Thus, this definition includes only the major parts of the firearm, that is, the frame or receiver."); S. Rep. No. 90-1097, at 2200 (Apr. 29, 1968) (materially same).

To the extent the Court finds the definition of "firearm" to be ambiguous, the rule of lenity requires the Court to rule in favor of the defendants. *United States v. Phifer*, 909 F.3d 372, 383–84 (11th Cir. 2018) ("Under the rule of lenity, when a criminal law is ambiguous, we resolve doubts in favor of the defendant."). The rule provides that "penal statutes are strictly construed" in favor of defendants. *See Hardin v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 65 F.4th 895, 901 (6th Cir. 2023) (applying rule of lenity to the definition of "machinegun" in the National Firearms Act) (quoting *FCC v. Am. Broad. Co.*, 347 U.S. 284, 296 (1954)). Under the rule of lenity, "it is not enough to conclude that a criminal statute *should* cover a particular act. The statute must *clearly* and *unambiguously* cover the act." *Id.* (quoting *Cargill v. Garland*, 57 F.4th 447, 473 (5th Cir. 2023) (*en banc*) (Ho, J., concurring)). There is no basis to conclude that the meaning of "firearm" clearly and unambiguously covers Polymer80's unfinished frames and parts kits, which means that the Court must rule in favor of the defendants.

Plaintiff has not plausibly alleged that Polymer80's kits are "firearms" under federal law. Accordingly, the Polymer80 entities cannot be held liable to the extent Plaintiff relies on the provision governing "firearm[s]."

### 2. Polymer80's unfinished frames and parts kits are not "handgun[s]."

Polymer80's relevant products are not "handgun[s]" as defined by federal law. Plaintiff's reliance on 18 U.S.C. § 922(x)(1)(A) also fails as a matter of law. (ECF No. 1 ¶ 16(g)).

As used in the Gun Control Act, "handgun" means "(A) a firearm which has a short stock and is designed to be held and fired by the use of a single hand; and (B) any combination of parts from which a firearm described in subparagraph (A) can be assembled." 18 U.S.C. § 921(a)(30).

Polymer80's frames and parts kits do not satisfy either definition. First, those products are not "firearm[s]" under this provision for the same reasons as above. (*Supra* at 11–15). Second, those products are not "any combination of parts from which a firearm described in subparagraph (A) can be *assembled*." 18 U.S.C. § 921(a)(30) (emphasis added). The term "assemble" means "to fit together the parts of." *Assemble*, WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY (1990). The Complaint concedes that no relevant product is merely assembled. Rather, each product includes an unfinished frame that requires "drilling" and other "steps" before any product is "finished" or "usable." (ECF No. 1 ¶ 12). Such machination is not "assembly" under the plain meaning of Section 921(a)(30). Plaintiff's conclusory and scattershot use of the word "assemble" throughout the Complaint, (*see, e.g.*, *id.* ¶ 12), is nothing more than an attempt to circumvent the limited scope of federal firearms laws; the Court must ignore that attempt. *Iqbal*, 556 U.S. at 678. The products relevant to this lawsuit are not "handgun[s]" under federal law. Plaintiff thus fails to allege a violation of the GCA to the extent she contends that the defendants sold "handgun[s]."

### 3. The Complaint does not allege that any defendant sold "ammunition."

Plaintiff cites one provision governing "ammunition." (ECF No. 1 ¶ 16(c) (citing 18 U.S.C. § 922(b)(1))). But Plaintiff does not allege that any defendant sold ammunition to J.C. (*Id.* ¶ 24). The Complaint fails to allege a GCA violation to the extent Plaintiff relies on "ammunition."

Polymer80's frames and kits are not firearms, handguns, or ammunition under the plain meaning of the GCA or, in the alternative, under operation of the rule of lenity. Plaintiff has failed to allege a plausible violation of any federal statute. Her negligence *per se* claim must be dismissed.

## IV. The Protection of Lawful Commerce in Arms Act preempts this lawsuit.

The Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. § 7901 *et seq.*, "generally preempts claims against manufacturers and sellers of firearms and ammunition resulting from the criminal misuse of those products." *Ileto v. Glock*, 565 F.3d 1126, 1131 (9th Cir. 2009). By its terms, PLCAA preempts any "qualified civil liability action" unless one of six narrow enumerated exceptions applied. 15 U.S.C. §§ 7902, 7903(5)(A). It preempts all claims against the Polymer80 entities here and compels "immediate[] dismiss[al]." *Id.* § 7902(b).

### A. This lawsuit is a "qualified civil liability action" under PLCAA.

A "qualified civil liability action" includes "a civil action . . . brought by any person against a manufacturer or seller of a qualified product . . . for damages . . . resulting from the criminal or unlawful misuse of a qualified product by the person or a third party, but shall not include [actions satisfying certain enumerated exceptions]." *Id.* § 7903(5)(A).

This lawsuit satisfies every element. It is a "civil action" that seeks damages. Polymer80's products are "qualified product[s]" because that term includes any "firearm" or "component part of a firearm" shipped in interstate commerce. *Id.* § 7903(4). Polymer80, Inc. is a "manufacturer"

16

of qualified products. (Ex. B).[5] And Plaintiff's asserted harms flow directly from a third party's "unlawful misuse" of a qualified product. *Id.* § 7903(5)(A), (9); *see* O.C.G.A. § 16-5-60(b) (reckless conduct); *Riley v. State*, 551 S.E.2d 833, 836 (Ga. Ct. App. 2001) ("[T]he crime of reckless conduct is, in essence, an instance of criminal negligence, rather than an intentional act, which causes bodily harm to or endangers the bodily safety of another."). Lastly, as set forth below, no PLCAA exception saves this lawsuit from preemption.

### B.     No PLCAA exception saves this lawsuit from preemption.

Six narrow exceptions limit PLCAA's preemptive reach. 15 U.S.C. § 7903(5)(A)(i)–(vi). Plaintiff cites the exception for claims "brought against a seller for negligent entrustment or negligence *per se*," *id.* § 7903(5)(A)(ii), and the predicate exception, *id.* § 7903(5)(A)(iii). (ECF No. 1 ¶ 31). Neither applies here.

PLCAA does not preempt "an action brought against a seller for negligent entrustment or negligence *per se*." *Id.* § 7903(5)(A)(ii). To trigger this exception, the Complaint must state a claim for negligent entrustment or negligence *per se* under state law. *See In re Academy, Ltd.*, 625 S.W.3d 19, 30 (Tex. 2021) (collecting cases); 15 U.S.C. § 7903(5)(C) (PLCAA does not "create a public or private cause of action or remedy"). As demonstrated above, Plaintiff fails to plausibly allege a claim for negligent entrustment or negligence *per se*. (*Supra* at 9–16). The Complaint therefore does not trigger this PLCAA exception.

---

[5] Polymer80, Inc. is engaged in the business of manufacturing qualified products and is federally licensed to do so. 15 U.S.C. § 7903(2). (*See* Ex. B (Polymer80, Inc.'s Federal Firearms Licenses since 2017)). The Court may consider documents attached to a motion to dismiss if they are "central to the plaintiff's claim" and their "authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am., Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (citation omitted). Likewise, PLCAA's protections should also be afforded to Polymer80 Enterprise Properties, LLC, because holding otherwise would render PLCAA's protections illusory and scorn Congress's findings and purposes. 15 U.S.C. § 7901(a)(5), (b)(1).

Another PLCAA exception permits claims "in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation of which was a proximate cause of the harm for which relief is sought." 15 U.S.C. § 7903(5)(A)(iii). To trigger this exception, "a plaintiff not only must present a cognizable claim, he or she must also allege a knowing violation of a 'predicate statute.'" *Ileto*, 565 F.3d at 1132 (citations omitted). Plaintiff has not plausibly alleged a violation of any federal firearms statute, much less a knowing violation that proximately caused the injury to Z.T. (*Supra* at 10–16). Plaintiff therefore cannot avail herself of the predicate exception.

For these reasons, PLCAA preempts this lawsuit and compels immediate dismissal.

## CONCLUSION

For the reasons above, the Court should grant Polymer80, Inc.'s and Polymer80 Enterprise Properties, LLC's Motion to Dismiss.

Respectfully submitted,

                **BRADLEY ARANT BOULT CUMMINGS LLP**

                By: */s/ R. Thomas Warburton*
                R. Thomas Warburton
                twarburton@bradley.com
                Bradley Arant Boult Cummings LLP
                One Federal Place
                1819 5th Ave. N.
                Birmingham, AL 35203
                Telephone (205) 521-8987
                Facsimile: (205) 488-6987

                **ATTORNEY FOR POLYMER80, INC. AND POLYMER80 ENTERPRISE PROPERTIES, LLC**

## CERTIFICATE OF SERVICE

I certify that on May 15, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

<u>/s/ R. Thomas Warburton</u><br>
R. Thomas Warburton