UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHAMIAH SHARP, as mother, natural guardian and Next friend of Z.T., a minor, residents and citizens of Georgia,<br><br>    Plaintiff,<br><br>vs.<br><br>POLYMER 80, INC., A Nevada corporation, POLYMER80 ENTERPRISE PROPERTIES, LLC, A Nevada Limited Liability Company, And DELTATEAMTACTICAL.COM, A Utah Limited Liability Company d/b/a DELTA TEAM TACTICAL,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  **CIVIL ACTION**<br>)  **CASE NO. 7:23-cv-33-WLS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE AND BRIEF IN OPPOSITION TO MOTION TO DISMISS COMPLAINT BY DEFENDANT DELTATEAMTACTICAL.COM**

Plaintiff SHAMIAH SHARP, as mother, natural guardian and next friend of Z.T., a minor, through undersigned counsel, responds in opposition to the Motion to Dismiss the Complaint and attached brief (DE 15, 15-1) filed by Defendant DELTATEAMTACTICAL.COM. (DELTA). DELTA cites the federal statute it violated by its conduct, but relies on one opinion interpreting that statute, overlooking other law explaining the way in which the conduct described in the Complaint does violate federal law and does support a cause of action for negligence per se.

Sharp vs Polymer 80, etc. et. al.<br>
Case No. 7:23-cv-33-WLS

DELTA correctly cites the federal statutory definition of a "firearm " as set forth in 18 U.S.C. §921(a)(3), and correctly notes that this definition was in effect at the time of the May 1, 2021 shooting and preceding online firearm kit purchase by minor J.C., as described in the Complaint. (DE 15-1 at 3; DE 1, Complaint at ¶¶12-25).  Section 921(a)(3) defines a "firearm" as:

> (A) Any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive;
> (B) the frame or receiver of any such weapon;
> (C) any firearm muffler or firearm silencer;
> (D) any destructive device.

Paragraphs 12 and 13 of the Complaint describe in detail the methods by which the "firearm frame and receiver blanks" and accompanying "jigs," and assembly kits can "readily be converted" into fully functional firearms capable of expelling "a projectile by means of an explosive" as was done in this case.  The kits may be "readily" converted into firearms "through simple steps" "using simple and readily available tools" "such as drilling a few holes, thereby creating a full firearm frame" and then "equally readily to assemble a useable firearm from the frame by adding components such as triggers, firing pins and slides." (DE 1 at ¶12). Paragraph 12 also alleges that the Defendants, including DELTA, provide instructions with

Sharp vs Polymer 80, etc. et. al.<br>Case No. 7:23-cv-33-WLS

their kits sold online so that purchasers may readily assemble a complete firearm; Paragraphs 13 and 22 point out that the instructions provided by DELTA and the other Defendants can be and are supplemented by instructional videos available online and that the minor purchaser J.C. was able to and did use those videos, supplementing the instructions provided by DELTA and the other Defendants, readily to assemble a completed and functional firearm from the components and kit she purchased online. (DE 1 at ¶¶13, 22).

The District Court of North Dakota, in *Morehouse Enterprises v. ATF*, 2022 WL 3597299, (D.N.D. Case No. 3:22-CV-116, August 23, 2022), a copy of which is attached as Exhibit 1, denied a motion for preliminary injunction against ATF rules intended to "clarify the definition of 'firearm'," to "provide a more comprehensive definition of 'frame and receiver'" that would "more accurately reflect firearm configurations not explicitly captured under the existing definitions," and that would "take into account technological developments and modern technology in the firearms industry." *Morehouse* at 5, *citing* 86 Fed. Reg. 27720, 27725 (May 21, 2021).

The *Morehouse* court determined that the "weapon kits at issue" in *Morehouse*, similar to the ones described in the Complaint in this case, "fit squarely" within the federal statutory definition of a "firearm" because "after delivery, the kits are easily converted from mere parts into a weapon that expels a projectile," the very process described in the Complaint in this case. *Morehouse* at 10. The *Morehouse* court pointed out that a "plain reading" of Section 921(a)(3) requires the term "firearm" to be defined "more broadly than simply a fully operational weapon," since "the statute expressly includes items that 'may readily be converted' to expel a projectile," even if those items are not sold in a format that can be used immediately or without some ready conversion process to expel projectiles. Thus, "a non-operational weapon, that can be made operational," particularly if it can "readily" be made so, such as the kits referenced in the Complaint, "qualifies as a firearm" under the plain meaning of the statute. Id. While an interlocutory appeal was filed in *Morehouse*, it has been dismissed by stipulation. (Exhibit 2).

DELTA cites *VanDerStok v. BlackHawk Mfg. Group, Inc.*, 2022 WL 16680915, (N.D. Tex. Case No. 4:22-CV-00691-O, November 3, 2022) and *Polymer80, Inc, v. Garland*, (DE 15-2, N.D. Tex. Case No. 4:23-cv-00029-O, March

4

19, 2023) for the proposition that the frame and receiver kits it sells are somehow excluded from the statutory definition of a "firearm," even though they are alleged to be and are "readily" convertible into fully operational weapons that can be fired to expel projectiles (as was done in this case). The court in *Garland* drew an artificial distinction between what it termed "weapons," i.e. operational firearms, and firearm components that cannot immediately be used as projectile firing weapons but can readily be converted into such weapons using simple tools and instructions. (DE 15-2 at 3-4, 13-14). This distinction is entirely artificial and, more importantly, inconsistent with the statutory language of Section 921(a)(3), which as explained above and in *Morehouse* is clearly intended to cover items that may "readily be converted to expel a projectile," not merely items sold in a form already capable of expelling a projectile. The kit sold by DELTA and described in the Complaint falls within the statutory definition of a firearm.

The Complaint alleges the multiple ways in which DELTA's sale of the kit to J.C. violated federal statutory law, in particular laws against firearm sales to minors under the age of 18 and the restrictions on sales not conducted in person. *See* DE 1 at ¶16; 18 U.S.C. §922(b)(1); 18 U.S.C. §922(c)(1). DELTA complains that the

Sharp vs Polymer 80, etc. et. al.<br>Case No. 7:23-cv-33-WLS

Plaintiff has not alleged the class protected by these statutes, but those classes are obvious. Restrictions on firearm sales to minors are clearly intended to protect members of the public (including, as in this case, other minors) from the irresponsible use of firearms by minors under the age of 18, who inherently have less developed judgment and are more impulsive than adults. This is demonstrated by J.C.'s actions alleged in this case, such as playing with a loaded firearm in the presence of other persons as alleged in Paragraphs 23 through 25 of the Complaint. (DE 1 at ¶¶23-25). The class protected by the restrictions on sales not in person is also the members of the public, endangered by sales of firearms to persons not eligible to purchase them and whose eligibility or disqualification is inherently less subject to adequate verification in online as opposed to in person sales. The Complaint thus alleges violations of federal statutes, enacted to protect a class including Z.T., that led to his injury. The pleading of negligence per se under cases such as those cited by DELTA, *Schaff v. Snapping Shoals Elec. Membership Corp.*, 330 Ga. App. 161 (2014) and *Swinney v. Schneider Nat. Carriers, Inc.*, 829 F. Supp.2d 1358 (N.D. 2011) is sufficient.

Sharp vs Polymer 80, etc. et. al.<br>Case No. 7:23-cv-33-WLS

DELTA complains that the pleading is of a "shotgun" nature, commingling allegations against the various Defendants and containing insufficient factual allegations tying the events to the causes of action.  Even a cursory review of the Complaint will reveal that it contains over a dozen paragraphs of factual allegations explaining in detail exactly how J.C. obtained the weapon kit sold by DELTA and the other Defendant and assembled it into the operational firearm with which she played and with which she shot Z.T.  The Complaint also contains elaborate descriptions of the kits sold by Defendants, their business practices, and their procedures (or, more accurately, lack of procedures) for verifying the eligibility of their purchasers under the multiple quoted federal statutes to obtain firearms. (DE 1 at ¶¶12-25).

The United States Supreme Court has specified the standard for the detail of pleading required in a federal civil action.  A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See* Fed. R. Civ. Pro. 8(a)(2) (requiring pleading of a "short and plain statement of the claim showing that the pleader is entitled to relief").

Sharp vs Polymer 80, etc. et. al.<br>
Case No. 7:23-cv-33-WLS

Pleading "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. What is required is *not* a showing of "probability" at the pleading stage, but only "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting the claim. *Twombly*, 550 U.S. at 556. While disregarding purely conclusory allegations, a court ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should "assume" the 'veracity" of all "well-pleaded factual allegations" "and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court should accordingly "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).

The Complaint in this case, as explained above, goes far beyond mere conclusions and contains detailed factual allegations regarding the Defendants' conduct, sale of the firearm kit to J.C., J.C.'s use of the kit, and the resulting shooting of Z.T. The detail in the allegations is more than enough to meet the *Iqbal/Twombly* plausibility standard and to allow Defendants, including DELTA, to respond both

Sharp vs Polymer 80, etc. et. al.<br>
Case No. 7:23-cv-33-WLS

factually and legally to the allegations. If the Court does request or require a reformatting of the allegations, the Plaintiff requests an opportunity to amend the Complaint accordingly.

DELTA complains that the Plaintiff has not adequately alleged the proximate causal connection between its actions in selling the gun kit to J.C. without adequate age verification and the resulting injury to Z.T. The proximate causal connection, like the class protected by the cited federal statutes, is obvious. Had DELTA properly verified J.C.'s status as a minor before selling the kit to her, it would not have sold the kit to her, she would not have assembled the firearm she played with, would not have had the opportunity to play with it irresponsibly, and would not have shot Z.T.

Citing *McBrayer v. Dickerson*, 192 Ga. App. 725, 386 S.E.2d 173 (1989), DELTA asserts that the act of entrusting a firearm to a minor such as J.C. does not suffice to state a claim for negligent entrustment under Georgia law. DELTA, however, overlooks the decision of the United States District Court for the Southern District of Georgia in *Knight v. Wal-Mart Stores, Inc.*, 889 F. Supp. 1532 (S.D. Ga. 1995), in which the court, interpreting Georgia law, held that Georgia follows the

law of negligent entrustment as summarized in the Second Restatement of Torts §390. Section 390 provides that:

> One who supplies directly or through a third person a chattel for the use of another *whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others* whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Knight*, 889 F. Supp. at 1539, *quoting* Restatement Second of Torts §390 (emphasis in *Knight*).

Thus, under *Knight* and Georgia law as interpreted in *Knight*, entrusting a firearm to someone who foreseeably will use it irresponsibly due to "youth" or "inexperience" is indeed a negligent entrustment. The *Knight* court also pointed out that Wal-Mart's act of selling a firearm to a mentally disturbed purchaser who later used that firearm to commit suicide was proximately causally connected to the suicide, noting that it "is basic common law that defendants remain liable where intervening acts between the negligence and the ultimate harm were foreseeable." *Knight*, 889 F. Supp. at 1541, *citing Milton Bradley Co. v. Cooper*, 79 Ga. App. 3023, 53 S.E.2d 761 (1949). As explained above, it is reasonably foreseeable and indeed obvious to a reasonable seller of firearms or firearm components that selling such dangerous

instrumentalities to minors would lead to their irresponsible and dangerous misuse by the minor purchaser.

In *McBrayer*, on which DELTA relies, "the evidence was uncontroverted that the [minor] appellant knew how to operate the pistol, and there was no evidence that the appellant had ever been reckless with firearms, much less habitual in that vice." *McBrayer*, 192 Ga. App. at 725. In *McBrayer*, therefore, the minor had a track record indicating to a reasonable entrustor that he would not be irresponsible in his use of a firearm despite his status as minor. In this case, however, as alleged in the Complaint, DELTA would have no such exculpatory knowledge about J.C.'s experience and ability to use firearms safely. A reasonable seller in the position of DELTA at the time it sold the firearm kit to J.C. would or should know only that J.C. was a minor under the age of eighteen, so that a sale of a handgun to her would violate federal law and so that, in the absence of contrary information such as that available in *McBrayer*, which DELTA did not have, the seller would reasonably foresee a risk of irresponsible use of the firearm by the purchaser. DELTA's entrustment of a firearm kit to such a minor was negligent.

Sharp vs Polymer 80, etc. et. al.
Case No. 7:23-cv-33-WLS

For the reasons explained above, the Court should deny the Motion to Dismiss both as to the claim of negligence per se and the claim of negligent entrustment. As explained above, the Complaint provides more than adequate factual and legal allegations to allow DELTA to respond, and it has indeed responded. If the Court nevertheless concludes that the Complaint should be reformatted for additional clarity, the Plaintiff requests leave to do so.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Sharp vs Polymer 80, etc. et. al.
Case No. 7:23-cv-33-WLS

## **CERTIFICATE OF SERVICE**

The undersigned counsel for Plaintiffs hereby certify that the foregoing was filed and served through the CM/ECF system of this Court, and thereby served on counsel on the attached service list registered with the CM/ECF system, this 15th day of May, 2023.

        **s/*Edward S. Schwartz***
        Edward S. Schwartz,
        Florida Bar No. 346721 (admitted pro hac vice)
        Gerson & Schwartz, P.A.
        1980 Coral Way
        Miami, FL  33145
        Tel: (305) 371-6000
        eschwartz@gslawusa.com
        ISENBERG & HEWITT
        Melvin L. Hewitt, Jr.
        Georgia Bar No. 350319
        600 Embassy Row, Suite 150
        Atlanta GA 30328
        T 770 351 4400
        F 770 828-0100
        mel@isenberg-hewitt.com
        Michael Davis
        Florida Bar No. 330094 (admitted pro hac vice)
        Boone & Davis
        2311 North Andrews Avenue
        Fort Lauderdale, FL 33311
        954-566-9919 - O
        954-556-2680 - F
        MDavis@boonedavis.com

Sharp vs Polymer 80, etc. et. al.<br>
Case No. 7:23-cv-33-WLS

# SERVICE LIST
## SHARP v. POLYMER 80 etc., et. al.
## Case No.: 7:23-cv-33-WLS

| | |
|---|---|
| **Edward S. Schwartz, Esq.** | **James R. MIller, Esq.** |
| Florida Bar No. 346721 | Georgia Bar No. 159080 |
| (admitted pro hac vice) | jmiller@langdalelaw.com |
| eschwartz@gslawusa.com | Langdale Valloton, LLP |
| filing@gslawusa.com | 1007 North Patterson Street |
| Gerson & Schwartz, P.A. | Valdosta, Georgia 31603-1547 |
| 1980 Coral Way | Telephone (229) 244-5400 |
| Miami, Florida 33145 | **Matthew J. Orme** |
| Telephone: (305) 371-6000 | Utah Bar No. 13323 |
| Facsimile: (305) 371-5749 | (admitted pro hac vice) |
| **Melvin L. Hewitt, Jr.** | Matt.orme@dentons.com |
| Georgia Bar No. 350319 | 111 S. Main Street, Suite 2400 |
| mel@isenberg-hewitt.com | Salt Lake City, Utah 84111 |
| Isenberg & Hewitt | Telephone: (801) 415-3000 |
| 600 Embassy Row, Suite 150 | *Attorneys for Defendant DeltaTeamTactical.com* |
| Atlanta, Georgia 30328 | |
| Telephone: (770) 351-4400 | |

Sharp vs Polymer 80, etc. et. al.
Case No. 7:23-cv-33-WLS

| | |
|---|---|
| Facsimile: (770) 828-0100 | **R. Thomas Warburton** |
| **Michael Davis** | twarburton@bradley.com |
| Florida Bar No. 330094 | Bradley Arant Boult Cummings LLP |
| (admitted pro hac vice) | One Federal Place |
| MDavis@boonedavis.com | 1819 5th Avenue North |
| Boone & Davis | Birmingham, Alabama 35203 |
| 2311 North Andrews Avenue | Telephone: (205) 521-8987 |
| Fort Lauderdale, Florida 33311 | Facsimile: 9205) 488-6987 |
| Telephone: (954) 566-9919 | *Attorneys for Defendants* |
| Facsimile: (954) 556-2680 | *Polymer 80, Inc. And* |
| *Attorneys for Plaintiff* | *Polymer80 Enterprise Properties, LLC* |

15