IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHAMIAH SHARP, as mother, natural guardian and next friend of Z.T., a minor, residents and citizens of Georgia,<br><br>    Plaintiff,<br><br>vs.<br><br>POLYMER80 INC., a Nevada corporation, POLYMER80 ENTERPRISE PROPERTIES, LLC, a Nevada Limited Liability Company, and DELTATEAMTACTICAL.COM, a Utah Limited Liability Company d/b/a DELTA TEAM TACTICAL,<br><br>    Defendants. | CIVIL ACTION<br><br>CASE NO. 7:23-cv-33-WLS |

### DELTATEAMTACTICAL.COM'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Defendant DeltaTeamTactical.com d/b/a Delta Team Tactical ("Delta") submits this Reply Brief in Support of its Motion to Dismiss, or in the Alternative, for a More Definite Statement.

### INTRODUCTION

In response to Delta's Motion, Plaintiff suggests that the Complaint contains sufficient facts to meet the Rule 12(b)(6) standard, as articulated in Iqbal and Twombly. But the Iqbal/Twombly standard requires more than legal conclusions and unfounded speculation. Rather, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff's complaint, however, is wholly comprised of vague and speculative factual allegations and unsupported legal conclusions.

Plaintiff's claim for negligent entrustment fails because Plaintiff has failed to allege the

1

required element of "actual knowledge." Under Georgia law, a party is only liable if he or she entrusts an instrumentality capable of causing harm to others while having *actual knowledge* that the person being entrusted with the instrumentality is incompetent due to his or her age, inexperience, a physical or mental condition, or a known habit of recklessness. Notwithstanding Plaintiff's attempt to muddy the issue, there is no ambiguity with respect to the standard in Georgia for negligent entrustment. The claim under black letter Georgia law requires "actual knowledge." Because the Complaint fails to present allegations that Delta had actual knowledge of J.C.'s age or incompetency, it necessarily fails.

Plaintiff's claim for negligence per se fails on the basis that Plaintiff failed to allege facts plausibly suggesting that the products allegedly sold by Defendants are "firearms" pursuant to the relevant statutes. Plaintiff spends the majority of its brief presenting her argument as to why a new ATF Final Rule proposed in 2022 allows the Court to consider parts kits as "firearms" under those statutes. But Plaintiff ignores that the ATF Final Rule is plainly inapplicable, as it was proposed by the ATF after the events alleged in the Complaint transpired. The law precludes retroactive application of an administrative rule. Plaintiff's reliance on the ATF Final Rule and Morehouse Enterprises v. ATF, 2022 WL 3597299, (D.N.D. Case No. 3:22-CV-116, August 23, 2022), is irrelevant because the ATF Final Rule cannot apply retroactively. Furthermore, the injunction entered by the Northern District of Texas in the Polymer80 case remains in place, and its statutory analysis and reasoning for the injunction is sound and should be followed by this Court.

## ARGUMENT AND CITATION OF AUTHORITY

**I. THE COURT SHOULD DISMISS THE COMPLAINT**

**A. Plaintiff's Claims Should Be Dismissed as a "Shotgun Pleading."**

Plaintiff fails to address the multiple authorities cited by Defendants rejecting "shotgun pleadings." See e.g., Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 (11th Cir. 2008) (The 11th Circuit has "roundly, repeatedly, and consistently condemn[ed]" the use of shotgun

pleadings.) Plaintiff states that the Complaint "contains over a dozen paragraphs of factual allegations explaining in detail exactly how J.C. obtained the weapon kit sold by DELTA and the other Defendant and assembled it into the operational firearm with which she played and with which she shot Z.T." (Opp. at 7). But Plaintiff's characterization does not resemble or describe the actual text of the Complaint, nor does it change the vague way Plaintiff pled the allegations. The Complaint is almost entirely devoid of details, and, even where a hint of a detail exists, Plaintiff indiscriminately attributes the alleged conduct to all Defendants at once. Plaintiff does not disclose when J.C. purchased the kit (stating only that it was bought "from Defendants" prior to May 1, 2021, which, of course, could mean almost any time in the near or distant past). Plaintiff does not state where the kit was bought, only that it was purchased "online from Defendants." [Doc. 1, ¶ 20.] And Plaintiff does not identify which Defendant performed the alleged ineffective age verification on J.C. [Id. at ¶ 21.] Plaintiff ignores the implausibility, if not impossibility, of each of the three Defendants, who are separate and distinct from one another, having jointly and simultaneously acted or failed to act in each relevant instance. This material deficiency creates incoherency and uncertainty that makes it impossible for Delta to meaningfully investigate and respond to the allegations of the Complaint.

Plaintiff also fails to address the authorities cited in Delta's Motion that disallow complaints that fail to set forth discrete causes of action in separate counts. See Fed. R. Civ. P. 10(b) and Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996). Plaintiff's Complaint fails to separate the claims into separate counts, fails to identify the elements of her claims, and fails to identify which of the alleged facts support the respective claims. Thus, it is a textbook example of a shotgun pleading, which violates the pleading requirements of Fed. R. Civ. P. 8(a)(2) and Fed. R. Civ. P. 10(b).

### B.    Plaintiff's Negligent Entrustment Claim Fails.

Under Georgia law, a claim for negligent entrustment requires "*actual knowledge* that the person to whom he has entrusted the instrumentality is incompetent by reason of age or inexperience,

3

or his physical or mental condition, or his known habit of recklessness." See Williams v. Ngo, 289 Ga. App. 44, 45 (2007) (emphasis in original). While Plaintiff strains to avoid this standard, the requirement that a defendant have actual knowledge of incompetency is inarguable, as it has been uniformly announced, affirmed, and applied by the Courts of this state time and time again. In Williams, 289 Ga. App. at 45 (2007), the Georgia Court of Appeals even put the words "actual knowledge" in italics to emphasize its importance before stating that it was incumbent on the plaintiff to show actual knowledge of the entrustee's incompetence. Similarly, in Danforth v. Bulman, 276 Ga. App. 531, 535-536 (2005), the Court held that, "[t]o avoid summary judgment, a plaintiff who asserts a known habit of recklessness as the basis for liability must show that the owner had actual knowledge of the driver's pattern of reckless driving or facts from which such knowledge could reasonably be inferred." And in Hicks v. Heard, 297 Ga. App. 689, 691 (2009), the Court expressly applied an "actual knowledge" standard in affirming summary judgment in favor of the entrustor in a negligent entrustment claim. The law in Georgia on this point is neither ambiguous nor in dispute.[1]

Recently, the Georgia Court of Appeals made the following unequivocal statement regarding the inadequacy of constructive knowledge:

> [W]e have been clear that it is not sufficient that a plaintiff show constructive knowledge, "i.e., that the entrustor should have known the person being entrusted was not competent. The entrustor is not liable merely because he or she, by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver."

Hobbs through Eagle v. Integrated Fire Prot., Inc., 357 Ga. App. 790, 801 (2020).

---

[1] See also Quynn v. Hulsey, 310 Ga. 473, 477 (2020)(identifying "actual knowledge" as an "essential element" of negligent entrustment); Webb v. Day, 273 Ga. App. 491, 493 (2005); Tuggle v. Burpee, 314 Ga. App. 833, 835 (2012) (affirming grant of summary judgment on basis that there was no evidence of actual knowledge); Ga. Messenger Serv. v. Bradley, 302 Ga. App. 247, 250 (2010)(reversing trial court's denial of summary judgment where "no evidence showed any actual knowledge by [Defendant] of [entrustee's] incompetence or habitual recklessness"); Marshall v. Whaley, 238 Ga. App. 776, 779 (1999)(affirming grant of summary judgment on grounds that plaintiff failed to show "[defendant] had actual knowledge that [entrustee] was an incompetent driver"); Gunn v. Booker, 259 Ga. 343, 347 (1989)(affirming summary judgment because plaintiff failed to show defendant had actual knowledge dodge entrustee was "incompetent to handle the boat" or that defendant "had actual knowledge of a pattern or habit of recklessness").

Plaintiff pins her entire argument on Knight v. Wal-Mart Stores Inc. – a 1995 federal court case which contains a reference to § 390 of the Second Restatement of Torts. While Georgia's law of negligent entrustment tracks § 390 of the Restatement in most respects, it does not overlap with it entirely. In Knight, the Southern District relied on the case of Pitts v. Ivester, 171 Ga. App. 312 (1984). A careful reading of the Pitts decision, however, makes it clear that any language in the Restatement countenancing constructive knowledge is inconsonant with the Georgia rule, which requires actual knowledge. In fact, the reference to the Restatement rule in Pitts is sandwiched directly in between two statements affirming the requirement of actual knowledge:

> Those cases have held that "[u]nder the theory of negligent entrustment, 'liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his automobile to another to drive, with **actual knowledge** that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness.'"
>
> Thus, it is incumbent upon a plaintiff who is faced with a defendant's motion for summary judgment to show that the defendant had "'**actual knowledge** of a pattern of reckless [use] or facts from which such knowledge could be reasonably inferred in order to preserve the issue for jury determination.'"

Id. at 313. (Emphasis added) (Internal citations omitted).

Given the absolute uniformity of Georgia decisions on this issue, it is plain that Plaintiff was required to plausibly allege facts from which one could reasonably infer "actual knowledge" by Defendants of J.C.'s age and incompetency. Plaintiff, however, has made no attempt to do this. The Complaint does not disclose J.C.'s actual age at the time of the purchase, what information was provided by J.C. about her age and identity to the seller at the time of purchase, what experience J.C. possessed with respect to firearm components or firearms themselves, or many other basic facts relevant to the scienter element of this claim. And most importantly, it does not allege what information, if any, was actually known by Delta at the time of the alleged sale. Plaintiff seeks to avoid this required element of the claim by manipulating and broadening the element itself.

5

Paragraph 21 of the Complaint alleges that "the Defendants did not require or perform a background check and made no effective attempt to verify her age or to verify that she was not a minor." Similarly, Paragraph 28 complains that "the Defendants" did not conduct an "effective age verification, a background check, or an in-person appearance by J.C." On such basis, Paragraphs 27 and 28 allege that the Defendants "should have known" that J.C. was a minor. Plaintiff's approach is both a telling and a fundamentally flawed formulation in multiple respects. The wording (i.e., "effective age verification") implies that the seller did make an effort to determine the purchaser's age. One must presume that J.C. misstated her age to the seller, and Plaintiff's quibble is that the seller did not do enough to verify her representations and uncover her fraud. But Georgia's law of negligent entrustment does not impose such obligations. In Hobbs through Egal, 357 Ga. App. at 801, the Court held that "[t]he entrustor is not liable merely because he or she, by the exercise of reasonable care and diligence, could have ascertained the fact of the incompetency of the driver." Similarly, in Worthen v. Whitehead, 196 Ga. App. 678, 678 (1990), the Court expressly stated that, in common law negligent entrustment cases, there is no duty imposed on the owner of an instrumentality to investigate the competency of a potential entrustee in order to discover facts unknown to the entrustor. And in Tuggle v. Burpee, 314 Ga. App. at 836, the Court held that "[a] vehicle owner has no duty to investigate the competency of someone who drives the vehicle and ascertain his reputation as a driver." Plaintiff's dogged insistence that such a duty exists is pure aspiration and artifice.

Ultimately, the allegations of Plaintiff's Complaint are wholly inconsistent with any inference that the seller had actual knowledge of J.C.'s age or alleged incompetency. No fact supporting actual knowledge by the Defendants of J.C.'s age or incompetency has been pled. Hence, the repeated, but misguided, efforts to graft a "should have known" standard onto the claim. Plaintiff also erroneously conflates being a minor with being incompetent for purposes of negligent entrustment. Youth may contribute to incompetency, but it is far from dispositive of it. The Complaint makes no effort to

6

establish that J.C.'s age contributed to her alleged incompetency in any discernible or specific way. It simply treats the two categories as one and the same. This, however, is not Georgia law, as demonstrated by McBrayer v. Dickerson, 192 Ga. App. 725 (1989). In that case, the Court looked beyond the entrustee's age, which was 14 at the time of entrustment, and affirmed summary judgment in favor of the entrustor because "the evidence was uncontroverted that the appellant knew how to operate the pistol, and there was no evidence that the appellant had ever been reckless with firearms, much less habitual in that vice." Clearly, then, being a minor is not synonymous with being incompetent to possess a firearm (or, in this case, a firearm component), and additional facts correlating youth with alleged incompetence must exist.[2]

To summarize, in its effort to avoid dismissal of its negligent entrustment claim, Plaintiff has both misstated the scienter element of the law, and she has pled that element in the most conclusory terms imaginable. Plaintiff's allegations of proximate causation are just as insufficient. There are no facts alleging a proximate causal connection between Delta's conduct and the harm to Z.T. With no facts or allegations from the Complaint to reference, Plaintiff argues that proximate cause is "obvious." (Opp. at 9). But considering that it is not clear from the face of the Complaint whether Delta was the party that sold or distributed the parts kit to J.C. or what role Delta had in the age verification process that preceded the purchase and distribution of the parts kit – and further considering the many intervening acts of other actors who are either identified or alluded to in Paragraphs 12, 13, 22, and 24 of the Complaint – the causal connection is anything but obvious. In her Reply Brief, Plaintiff makes the following statement:

> Had DELTA properly verified J.C.'s status as a minor before selling the kit to her, it
> would not have sold the kit to her, she would not have assembled the firearm she

---

[2] An additional point must be made regarding McBrayer v. Dickerson. Plaintiff's brief badly misinterprets that opinion, arguing that it turned on "exculpatory knowledge" and "contrary information" possessed by the entrustor. This interpretation is not only unjustified by any statement made by the McBrayer Court, but, if accepted, it would turn Georgia's law of negligent entrustment on its head, shifting the burden to a defendant to come forward with affirmative proof that he or she possessed actual knowledge of competency.

> played with, would not have had the opportunity to play with it irresponsibly, and would not have shot Z.T.

This is but-for causation, not proximate causation. This Court has previously described proximate cause as "that which is nearest in order of responsible causes, as distinguished from remote; it is that which stands last in causation, not necessarily in time or place, but in causal relation." Whiteside v. GEICO Indem. Co., 2018 U.S. Dist. LEXIS 52761, *7, 2018 WL 1535484. Plaintiff not only fails to address this element entirely, but her summary of the chain of causation shows numerous intervening events which serve only to cast doubt on the existence of proximate cause. For this additional reason, the Court must dismiss Plaintiff's claim for negligent entrustment.

### C. Plaintiff's Claim of Negligence Per Se Fails.

#### 1. The products sold by Delta are not "firearms".

The frames, kits, or components sold by Delta are not "firearms" for the purposes of the statutes cited by Plaintiff (i.e., 18 U.S.C. § 922 and 26 U.S.C. §§ 5861). Plaintiff refers to paragraphs 12, 13, and 22 of the Complaint, arguing that those paragraphs sufficiently allege that the products are "firearms" pursuant to the relevant statutes. But those paragraphs accomplish the opposite, clearly identifying the items as frames and kits. Paragraph 12 alleges that "Defendants" (without distinguishing which Defendant) sell "partially completed firearm frames and receivers, known as firearm frame and receiver blanks". The Gun Control Act (GCA) does not cover unfinished (or partially completed) frames or weapons parts kits because neither is a "weapon", which is an antecedent condition to satisfying the definition. 18 U.S.C. § 921(a)(3)(A) ("The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive"). Furthermore, 18 U.S.C. § 921(a)(3)(B) covers only *finished* frames and receivers – i.e., "the frame or receiver *of any such weapon*" (emphasis added). This language, by necessary implication, excludes a standalone frame or receiver.

Moreover, prior to the events described in the Complaint, the ATF explained that "receiver

blanks that do not meet the definition of a "firearm" are not subject to regulation under the [GCA]." Are "80%" or "**Unfinished**" Receivers Illegal?, BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES, https://www.atf.gov/firearms/qa/are-"80"-or-"unfinished"-receivers-illegal. During the relevant time period, the GCA did not itself define "frame or receiver," so the ATF adopted a gap-filling regulation: 27 CFR 478.11, which defines "firearm frame or receiver" as [t]hat part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel." 27 CFR 478.11 (Effective March 26, 2019-February 2, 2022). "The language of the regulatory definition in § 478.11 lends itself to only one interpretation: namely, that under the GCA, the receiver of a firearm must be a single unit that holds three, not two, components: 1) the hammer, 2) the bolt or breechblock, and 3) the firing mechanism." United States v. Rowold, 429 F. Supp. 3d 469, 475–76 (N.D. Ohio 2019) (acknowledging that the GCA does not apply to "lower receivers"). Plaintiff has not alleged that the unfinished firearm frames and receivers that Defendants allegedly sold to J.C. included the three required components under the regulatory definition. Accordingly, Plaintiff has not plausibly alleged the Delta's kits are "firearms" under federal law.

        2.      The Final Rule does not apply retroactively to the conduct at issue.

Though Plaintiff has devoted much of her opposition to the ATF Final Rule proposed in 2022, it is inconsequential whether the ATF's Final Rule is interpreted in line with the holding of the Northern District of Texas[3] or with the holding of the District of North Dakota,[4] because the ATF's Final Rule does not apply *retroactively* to the alleged conduct at issue in this matter which took place "before May 1, 2021". (Complaint, ¶ 19). "The presumption against retroactivity applies to

---

[3] See VanDerStok v. BlackHawk Mfg. Grp. Inc., No. 4:22-CV-00691-O, 2022 WL 16680915, at *1 (N.D. Tex. Nov. 3, 2022; Polymer80, Inc. v.Garland, et al., 4:23-cv-00029, (N.D. Tex. Mar. 19, 2023, Dkt. 27).

[4] See Morehouse Enterprises v. ATF, 2022 WL 3597299, (D.N.D. Case No. 3:22-CV-116, August 23, 2022).

administrative rules: 'congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.'" Jones Creek Investors, LLC v. Columbia County, Georgia, No. CV 111-174, 2016 WL 593631, at *5 (S.D. Ga. Feb. 12, 2016), quoting Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988). Furthermore, "[r]etroactive application of administrative rules if highly disfavored[.]" Id. quoting Sierra Club v. TVA, 430 F.3d 1337, 1351 (11th Cir. 2005). Applying the ATF Final Rule would have "new and unforeseen legal consequences" and "attach[] new legal consequences to events completed before it". See Gummala v. U.S. Department of Labor, No. 20-12839, 2022 WL 881210, at *4 (11th Cir. Mar. 24, 2022) (citations and quotations omitted). Because the ATF's Final Rule was issued after the events alleged in the Complaint, it is irrelevant to the Court's analysis.[5]

## **CONCLUSION**

The Complaint is fatally flawed in the following respects: It is an improper shotgun pleading that fails to distinguish the conduct of Delta from that of the other two named Defendants and never identifies the legal or factual elements of her claims. The Complaint also consists exclusively of vague and conclusory allegations which do not plausibly state a claim upon which relief can be granted under Rule 12(b)(6). In this respect, two flaws in particular stand out as requiring dismissal. With respect to negligent entrustment, Plaintiff fails to plead facts supporting the required element of actual knowledge of age and incompetency. With respect to negligence per se, Plaintiff fails to plead facts plausibly alleging that the instrumentality in question was a "firearm". In point of fact, the allegations, as pled, can only be interpreted as wholly at odds with each of these required elements.

---

[5] Delta provided this Court with a summary of the ATF's Final Rule as statutory backdrop and context. This statutory backdrop highlights the fact that, prior to the ATF's Final Rule, there was no question that 18 U.S.C. § 921 did not apply to types of kits sold by Delta. The ATF even acknowledges that the Final Rule was promulgated to "bring clarity to the definition of "frame or receiver" by providing an updated, more comprehensive definition" in response to part kits, standalone frame or receiver parts, or partially compete frames or receivers that were not regulated by the GCA. Definition of "Frame or Receiver" and Identification of Firearms, 87 FR 24652-01, *24652 (emphasis added).

Respectfully submitted this 30th day of May, 2023.

            ELLIOTT BLACKBURN PC

            /s/ *James R. Miller*
            James R. Miller
            Georgia Bar No. 159080
            3016 North Patterson Street
            Valdosta, Georgia 31602
            229.242.3333
            jmiller@elliottblackburn.com


            DENTONS DURHAM JONES PINEGAR PC

            /s/ *Matthew J. Orme*
            Matthew J. Orme (Admitted *Pro Hac Vice*)
            Utah Bar No. 13323
            111 S. Main Street, Suite 2400
            Salt Lake City, Utah 84111
            (801) 415-3000
            matt.orme@dentons.com

            *Counsel for Defendant DeltaTeamTactical.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2023 the foregoing Reply in Support of Motion to Dismiss was filed with the Clerk of Court using the CM/ECF system and served upon all counsel of record via the court's electronic filing system.

This 30th day of May, 2023.

        ELLIOTT BLACKBURN PC

        /s/ *James R. Miller*
        James R. Miller
        Georgia Bar No. 159080
        3016 North Patterson Street
        Valdosta, Georgia 31602
        229.242.3333
        jmiller@elliottblackburn.com