IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHAMIAH SHARP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) | Civil Action No.
| | ) | 7:23-cv-00033-WLS
| POLYMER80, INC., *et al.*, | ) ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF DEFENDANTS POLYMER80, INC.'S AND
POLYMER80 ENTERPRISE PROPERTIES, LLC'S MOTION TO DISMISS**

Defendants Polymer80, Inc. ("Polymer80") and Polymer80 Enterprise Properties, LLC (collectively, the "Polymer80 entities") submit this Reply in support of their Motion to Dismiss the Complaint under Federal Rules of Civil Procedure 8, 12(b)(2), and 12(b)(6). (ECF No. 19).

**INTRODUCTION**

The Polymer80 entities demonstrated in their opening memorandum that Plaintiff's Complaint suffers three fundamental flaws: lack of personal jurisdiction, indiscriminate pleading, and preemption under federal law. (ECF No. 20). Plaintiff's Response does not rebut any of these fatal deficiencies. (ECF No. 25). She concedes that the Court lacks jurisdiction over Polymer80 Enterprise Properties, LLC. (*Id.* at 2–3). She fails to refute that her indiscriminate "commingling [of] allegations against the various Defendants" violates Eleventh Circuit precedent. (*Id.* at 12–14). She does not dispute that her failure to state a claim for negligence *per se* and negligent entrustment would trigger preemption under the Protection of Lawful Commerce in Arms Act ("PLCAA"), 15 U.S.C. § 7901 *et seq*. (*Id.* at 14–15). Her Response does not salvage her negligence *per se* claim because she has not demonstrated that Polymer80's relevant products are subject to the Gun Control Act. (*Id.* at 3–8). And her Response fails to overcome controlling Georgia law

requiring actual knowledge to support a negligent entrustment claim, which she did not plausibly allege. (*Id.* at 9–12). This case should be dismissed with prejudice.

**I.      Plaintiff concedes that the Court lacks personal jurisdiction over Polymer80 Enterprise Properties, LLC**

Plaintiff has "accept[ed] the representation" that Polymer80 Enterprise Properties, LLC engaged in no suit-related conduct, (ECF No. 25 at 2–3), so the Court should dismiss Polymer80 Enterprise Properties, LLC for lack of personal jurisdiction. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009) (affirming dismissal after defendant submitted "unrebutted denials" of jurisdictional allegations).

**II.     Plaintiff ignores that her indiscriminate pleading violates Eleventh Circuit precedent**

The Complaint fails as a matter of law because it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" and it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Eleventh Circuit has "repeatedly condemned" this exact form of pleading. *Gendron v. Connelly*, No. 22-13865, 2023 WL 3376577, at *1 (11th Cir. May 11, 2023).

Rather than address these points, Plaintiff contends that the Complaint "contains over a dozen paragraphs of factual allegations explaining in detail exactly how J.C. obtained the weapon kit sold by *the Defendants* and assembled it into the operational firearm." (ECF No. 25 at 12 (emphasis added)). This argument highlights her pleading deficiencies, "indiscriminately lump[ing] together multiple defendants without specifying how each is responsible," *Clifford v. Federman*, 855 F. App'x 525, 528 (11th Cir. 2021), just like the Complaint, (ECF No. 1 ¶¶ 12, 14, 19, 21, 28–31). Plaintiff's Response fails to address the "geographic and temporal realities" that Polymer80 and DeltaTeamTactical.com cannot *both* have sold the product to J.C. *Magluta v.*

*Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). This is not a case where "[t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct," *i.e.*, selling the product to J.C. *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). Similarly, Plaintiff's Response fails to dispute that she made no effort to separate each claim "into a different count." *Weiland*, 792 F.3d at 1323.

Plaintiff also argues irrelevantly that her Complaint satisfies *Iqbal* and *Twombly* plausibility. (ECF No. 25 at 13–14). It does not. Her claims rest on pure conjecture as to who sold the product to J.C. and thus do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Even still, *Iqbal* and *Twombly* do not displace Eleventh Circuit rules forbidding indiscriminate pleading. *See Weiland*, 792 F.3d at 1323 (discussing these rules post-*Iqbal*).

Plaintiff's indiscriminate pleading "exact[s] an intolerable toll on the trial court's docket," "lead[s] to unnecessary and unchannelled discovery," *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997), and represents her failure to investigate. Plaintiff failed to comply with Rule 8.

### III. PLCAA preempts this lawsuit

PLCAA preempts Plaintiff's case and compels "immediate[] dismiss[al]." 15 U.S.C. § 7902(b). Plaintiff does not dispute that this case is a "qualified civil liability action," *id.* § 7903(5)(A), that must be dismissed unless one of PLCAA's narrow exceptions applies. Her sole argument is that the case triggers the exception for "an action brought against a seller for negligent entrustment or negligence *per se*." *Id.* § 7903(5)(A)(ii). (ECF No. 25 at 15). It does not.

To trigger this exception, the Complaint must state a claim for negligence *per se* or negligent entrustment under state law. *In re Academy, Ltd.*, 625 S.W.3d 19, 30 (Tex. 2021). As

explained below, the Complaint fails to plausibly allege liability under Georgia law for negligence *per se* or negligent entrustment.

      **A.    Plaintiff's negligence *per se* claim fails because Plaintiff has not plausibly alleged that Polymer80's kits are "firearm[s]" under the Gun Control Act**

Plaintiff abandoned her theories related to "handgun[s]," 18 U.S.C. § 922(x)(1)(A), and "ammunition," *id.* § 922(b)(1), by failing to respond to Polymer80's arguments. *See Brown v. J.P. Turner & Co.*, No. 1:09-CV-2649-JEC, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011). She stakes her claim entirely on Polymer80's parts kits. But Plaintiff's negligence *per se* claim fails because Polymer80's parts kits are not "firearm[s]" under the Gun Control Act as a matter of law. 18 U.S.C. § 921(a)(3) (defining "firearm"). Plaintiff argues that "the kit" sold to J.C. is a "firearm" under 18 U.S.C. § 921(a)(3)(A), such that its sale violated other Gun Control Act provisions. (ECF No. 25 at 7–8). She says that Section 921(a)(3)(A) "is clearly intended to cover items that may 'readily be converted to expel a projectile,'" relying on a single case that is procedurally inapposite and substantively incorrect. (*Id.* at 7). Plaintiff misconstrues the statutory text and ignores context, statutory history, and legislative history. Canons of statutory construction and illustrative caselaw compel the conclusion that Polymer80's kits are not "firearm[s]."

Accepted rules of statutory construction compel the conclusion that, as a matter of law, Polymer80's parts kits fall unambiguously outside the scope of the Gun Control Act. The Complaint concedes that Polymer80's parts kits contain an unfinished frame and other individual components, and that each kit requires "drilling" machination and other "steps" before it can be "finish[ed]" or "useable." (ECF No. 1 ¶¶ 12, 19). Those are not "firearm[s]" under Section 921(a)(3). And Plaintiff makes no meaningful effort to argue otherwise.

The Court should begin "with the statutory text." *Tanzin v. Tanvir*, 141 S. Ct. 486, 489 (2020). In doing so, "the words of a statute must be read in their context and with a view to their

place in the overall statutory scheme." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). As relevant here, the term "firearm" includes "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; [or] (B) the frame or receiver of any such weapon." 18 U.S.C. § 921(a)(3)(A)–(B).

Plaintiff does not argue that Polymer80's kits satisfy Section 921(a)(3)(B). Rightfully so. Subsection (B) only covers *finished* frames and receivers. (ECF No. 20 at 13). Instead, Plaintiff's sole argument is that Section 921(a)(3)(A) covers any "item" which may be converted to expel a projectile. (ECF No. 25 at 7). "The problem with that interpretation is that it is based on [a] word[] that do[es] not exist in the statute." *Cargill v. Garland*, 57 F.4th 447, 459–60 (5th Cir. 2023) (en banc) (interpreting the National Firearms Act). Congress carefully limited the scope of Section 921(a)(3)(A) to "weapon[s]," not "items"—whatever those might be. The plain language of the statute, fairly construed, shows that unfinished frames and unmachined parts kits are not weapons.

First, individual components cannot satisfy Section 921(a)(3)(A). Congress regulated finished frames and receivers in Subsection (B), which demonstrates that Congress "intentionally and purposely" excluded parts from the scope of Subsection (A) on which Plaintiff relies. *Collins v. Yellen*, 141 S. Ct. 1761, 1782 (2021). In fact, Congress enacted the Gun Control Act of 1968 to *stop* regulating "parts" other than frames and receivers. *See* Federal Firearms Act of 1938, Pub. L. No. 75-785, 52 Stat. 1250, 1250 (1938) (repealed 1968) (defining firearm as including "any part or parts of such weapon"); H.R. Rep. No. 90-1577, at 4416 (June 21, 1968) ("Under former definitions of 'firearm,' any part or parts of such a weapon were included. It was found impractical to have controls over each small part of a firearm. Thus, this definition includes only the major parts of the firearm, that is, the frame or receiver."); S. Rep. No. 90-1097, at 2200 (Apr. 29, 1968) (materially same). "When Congress amends legislation, courts must presume it intends the change

5

to have real and substantial effect." *Van Buren v. United States*, 141 S. Ct. 1648, 1660 (2021). ATF has conceded that parts fall outside the scope of Section 921(a)(3)(A): "As a statutory matter, Congress has legislatively defined a 'firearm' to be a weapon that may be readily converted to expel a projectile by the action of an explosive, or the frame or receiver of such weapon, but has explicitly excluded 'firearms parts' from that definition." Fed. Defs.' Mot. to Dismiss, ECF No. 29 at 1, *California v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 3:20-cv-06761-EMC (N.D. Cal. Nov. 30, 2020) (footnote omitted). Thus, no "part" within the kits is a firearm under 18 U.S.C. § 921(a)(3)(A).

Second, parts kits cannot satisfy Section 921(a)(3)(A) because a "combination of parts" is not a weapon as a matter of statutory interpretation. Congress knew exactly how to regulate combinations of parts because it did so in other areas of the Gun Control Act. *See* 18 U.S.C. § 921(a)(4); *id.* § 921(a)(24) (incorporating 26 U.S.C. § 5845(b)). Congress even used "weapon" and "combination of parts" in the same sentence of another provision, *id.* § 921(a)(24) (incorporating 26 U.S.C. § 5845(b)), which demonstrates that the two phrases mean different things. *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 632 (2018). Congress "intentionally and purposely" chose not to regulate combinations of parts in Section 921(a)(3)(A). *Collins*, 141 S. Ct. at 1782. Polymer80's kits are mere unmachined, unassembled, unfinished combinations of parts, (ECF No. 1 ¶¶ 12, 19), which fall outside the scope Section 921(a)(3) as a matter of law.

The Court "must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992). Section 921(a)(3)(A) covers weapons. Section 921(a)(3)(B) covers finished frames and receivers. Polymer80's kits are not weapons and do not contain finished frames and receivers. Accordingly, those kits are not firearms under the Gun Control Act.

Plaintiff does not address these arguments. Instead, she mischaracterizes Polymer80's argument to be that nothing short of a "fully operational weapon" constitutes a firearm. (ECF No. 25 at 5–6). That is not Polymer80's argument. Courts have found that non-operational guns can be firearms. *See, e.g.*, *United States v. Martinez*, 964 F.3d 1329, 1340 (11th Cir. 2020) ("A disassembled shotgun is just as much of a firearm as an assembled one under the sentencing guidelines and the felon-in-possession statute."); *United States v. Annis*, 446 F.3d 852, 857 (8th Cir. 2006) (interpreting Sentencing Guidelines) (involving a "gun" that was missing only "the clip and the bolt"); *United States v. Ryles*, 988 F.2d 13, 16 (5th Cir. 1993) (interpreting Sentencing Guidelines) (involving shotgun disassembled by removing "the barrel . . . from the stock," which "could have been assembled in thirty seconds"). Polymer80's kits are fundamentally different from those weapons and, unlike those weapons, are not firearms under the Gun Control Act.

The sole authority Plaintiff cites does not counsel a different conclusion. *Morehouse Enter., LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 3:22-cv-116, 2022 WL 3597299 (D.N.D. Aug. 23, 2022). *Morehouse* is procedurally inapposite because it involved a challenge to an ATF Final Rule, 87 Fed. Reg. 24,652 (Apr. 26, 2022), which does not apply retroactively to this case, *Sierra Club v. Tenn. Valley Auth.*, 430 F.3d 1337, 1351 (11th Cir. 2005). The question before the *Morehouse* court merely was "whether the Final Rule is inconsistent with and contradicts the plain language of the GCA," *i.e.*, whether it contains *permissible* interpretations. *Morehouse*, 2022 WL 3597299 at *5. *Morehouse* devoted a single paragraph to analysis of parts kits, which incorrectly stated (now echoed by Plaintiff) that Section 921(a)(3)(A) covers "items" and "mere parts." *Id.* (ECF No. 25 at 5–6). The Northern District of Texas' decision in *Polymer80, Inc. v. Garland* is faithful to the text, context, and history of the Gun Control Act and is therefore

more persuasive than *Morehouse*. The Court should follow *Polymer80* here and hold that Polymer80's parts kits fall unambiguously outside the scope of the Gun Control Act.

Plaintiff has not plausibly alleged that Polymer80 violated any federal statute. The Complaint fails therefore fails to state a claim for negligence *per se*.

### B. Plaintiff's negligent entrustment claim fails for lack of actual knowledge of incompetence or recklessness

Plaintiff's negligent entrustment claim fails because she has not plausibly alleged that Polymer80 sold a product to J.C. with actual knowledge of J.C.'s incompetence or recklessness.

To begin, the Court must decide questions of Georgia law "as the state's highest court would." *SE Prop. Holdings, LLC v. Welch*, 65 F.4th 1335, 1342 (11th Cir. 2023). The Supreme Court of Georgia has held that "actual knowledge of the incompetence or recklessness of the person to whom the instrumentality in question is entrusted" is an "essential element[] of negligent entrustment." *Zaldivar v. Prickett*, 774 S.E.2d 688, 698 (Ga. 2015); *see also Quynn v. Hulsey*, 850 S.E.2d 725, 730 (Ga. 2020).

Plaintiff attempts to circumvent this well-settled element by arguing that firearms should be treated differently than other instrumentalities. (ECF No. 25 at 9–10). But the Georgia Court of Appeals has foreclosed that argument by requiring actual knowledge in entrustment-of-firearms cases. *See Pitts v. Ivester*, 320 S.E.2d 226, 227 (Ga. Ct. App. 1984); *McBrayer v. Dickerson*, 386 S.E.2d 173, 173 (Ga. Ct. App. 1989) (citing *Pitts*). Plaintiff offers no "persuasive indication" that the Supreme Court of Georgia would decide this issue differently, so the Court must "adhere" to the Georgia Court of Appeals' decisions in *Pitts* and *McBrayer* requiring actual knowledge. *SE Prop. Holdings, LLC*, 65 F.4th at 1342. That dooms Plaintiff's claim.

Rather than engage with these determinative Georgia authorities, Plaintiff points to *Knight v. Wal-Mart Stores, Inc.*, in which a federal court erroneously held that "reason to know" of

8

incompetence was sufficient, 889 F. Supp. 1532, 1539 (S.D. Ga. 1995) (quoting Restatement (Second) of Torts § 390). But *Knight* contradicts Georgia caselaw holding that it is insufficient "to show constructive knowledge, i.e., that the entrustor should have known the person being entrusted was not competent." *Webb v. Day*, 615 S.E.2d 570, 573 (Ga. Ct. App. 2005). Plaintiff offers no justification for the Court to follow *Knight*, rather than controlling Georgia precedent.

Lastly, the Court should reject Plaintiff's attempt to create a rule that the defendants are liable for entrustment absent "exculpatory knowledge" proving J.C.'s competence. (ECF No. 25 at 11–12). That gets Georgia law exactly backwards, *Webb*, 615 S.E.2d at 573, and it runs headlong into the holding that defendants have no duty "to make inquiries," *Pitts*, 320 S.E.2d at 227.

Plaintiff's negligent entrustment claim fails absent a plausible allegation that Polymer80 sold a product to J.C. with actual knowledge of J.C.'s incompetence or recklessness. *Zaldivar*, 774 S.E.2d at 698. The Complaint contains no such allegation. Plaintiff has not plausibly alleged that Polymer80 knew that J.C. was a minor. Additionally, Plaintiff's constructive knowledge theory fails because Polymer80 had no duty to follow the procedures that might have revealed J.C.'s age. Plaintiff fails to state a claim for negligent entrustment.

\* \* \*

Plaintiff has failed to state a claim for negligence *per se* or negligent entrustment under Georgia law. PLCAA preempts this lawsuit, *In re Academy, Ltd.*, 625 S.W.3d at 30, and the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the reasons above, the Court should grant Polymer80's and Polymer80 Enterprise Properties, LLC's Motion to Dismiss.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: <u>*/s/ R. Thomas Warburton*</u>
R. Thomas Warburton
twarburton@bradley.com
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Ave. N.
Birmingham, AL 35203
Telephone (205) 521-8987
Facsimile: (205) 488-6987

**ATTORNEY FOR POLYMER80, INC. AND POLYMER80 ENTERPRISE PROPERTIES, LLC**

## CERTIFICATE OF SERVICE

I certify that on June 12, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

>*/s/ R. Thomas Warburton*
>R. Thomas Warburton