R. Thomas Warburton
Partner
twarburton@bradley.com
205.521.8987 direct



July 11, 2023

**VIA CM/ECF**

David W. Bunt, Clerk of Court
United States District Court for the Middle District of Georgia
475 Mulberry Street
Macon, GA 31201

   Re: *Sharp v. Polymer80, Inc., et al.*, No. 7:23-cv-00033-WLS (M.D. Ga.),
      Notice of Supplemental Authority

Dear Mr. Bunt,

  Counsel for the Polymer80 entities respectfully notify the Court of the Northern District of Texas's recent decision in *VanDerStok v. Garland*, No. 4:22-cv-00691-O, which confirms that Polymer80's products fall outside the scope of the Gun Control Act.

  *VanDerStok* involved administrative and constitutional challenges to the ATF's Final Rule changing its interpretation of "frame or receiver" to cover unfinished frames and receivers and its interpretation of "firearm" to cover parts kits. Definition of "Frame or Receiver" and Identification of Firearms, 87 Fed. Reg. 24,652. The *VanDerStok* court granted summary judgment to the plaintiffs and vacated the Final Rule because the new definitions violated the plain meaning of the Gun Control Act. *See* ECF No. 227 at 37–38, No. 4:22-cv-00691-O (N.D. Tex. June 30, 2023).

  In reaching its decision, the *VanDerStok* court persuasively explained that the Gun Control Act: (1) does not cover unfinished frames and receivers because "that which *may become* or *may be converted to* a functional receiver is not itself a receiver," *id.* at 27; and (2) does not cover parts kits because statutory context confirms that Congress chose not to regulate "aggregations of parts," *id.* at 33–34. As the court correctly concluded, "the ATF has acted in excess of its statutory jurisdiction" by trying to bring such products within the scope of the Gun Control Act. *Id.* at 35. And because the ATF "acted beyond the scope of its legitimate statutory authority," the court vacated the Final Rule. *Id.* at 37.

  This decision makes clear that Polymer80's unfinished frame kits, other components, and aggregations of those products are not "firearm[s]" subject to the Gun Control Act. *See* 18 U.S.C. § 921(a)(3). To be sure, Plaintiff Sharp has not argued that the ATF's now-vacated Final Rule governs this action. Even so, the *VanDerStok* court's decision and analysis conclusively rebut Plaintiff Sharp's assertion that "[t]he kit sold by the POLYMER80 Defendants and described in the Complaint falls clearly within the statutory definition of a firearm." ECF No. 25 at 7.

  For these reasons, and all other reasons set forth in their briefs, the Court should grant the Polymer80 entities' Motion to Dismiss. ECF No. 19.

July 11, 2023
Page 2

                        Sincerely,

                        */s/ R. Thomas Warburton*
                        R. Thomas Warburton
                        twarburton@bradley.com
                        Bradley Arant Boult Cummings LLP
                        One Federal Place
                        1819 5th Ave. N.
                        Birmingham, AL 35203
                        Telephone (205) 521-8987

                        **ATTORNEY FOR POLYMER80, INC. AND POLYMER80 ENTERPRISE PROPERTIES, LLC**

cc: All counsel of record (*via CM/ECF*)

Enclosure: Memorandum Opinion & Order on Parties' Cross-Motions for Summary Judgment & Motions to Intervene, *VanDerStok, et al. v. Garland, et al.*, No. 4:22-cv-00691-O (N.D. Tex. June 30, 2023).

## CERTIFICATE OF SERVICE

I certify that on July 11, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the registered CM/ECF users in this action.

*/s/ R. Thomas Warburton*
R. Thomas Warburton
