IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHAMIAH SHARP, as mother, natural guardian and next friend of ZT, a minor, | : : : : |
| Plaintiff, | : : |
| v. | : :   CASE NO.: 7:23-CV-00033 (WLS) |
| POLYMER80, INC., *et al.*, | : : : |
| Defendants. | : : |

**ORDER**

Presently before the Court is Defendants Polymer80, Inc. and Polymer80 Enterprise Properties, LLC's Motion to Dismiss (Doc. 19). After a preliminary review of the Motion and briefing, the Court finds supplemental briefing on two issues necessary.

First, there is the issue of the 2022 Alcohol, Tobacco, Firearms and Explosives (ATF) Rule's retroactive effect on Plaintiff's claims, if any. Plaintiff alleges a negligence per se claim under Georgia law. Plaintiff's claim is based on Defendants' alleged violation of the Gun Control Act of 1968 ("GCA"). (Doc. 1 ¶¶ 16–17, 30). The GCA regulates the sale of firearms, and Plaintiff's claim depends upon the definition of the term "firearm."

In 2022, after the events giving rise to Plaintiff's claim occurred, ATF adopted a new rule pertaining to weapons-parts kits and partially complete frames and receivers, defining the term "firearm" to include "ghost guns." *See* 87 Fed. Reg. 24652. If this new rule was in effect in May of 2021, its provisions might have formed the basis for Plaintiff's negligence per se claim. Specifically, that Defendants might have violated the GCA by selling a weapons-parts kit to a minor. The Court finds it proper to give the Parties the opportunity to brief whether the 2022 rule has any impact on Plaintiff's negligence per se claim.

Second, there is the issue of the recent Supreme Court decision in *Bondi v. Vanderstok*, 604 U.S. --- (2025). Since the filing of the Motion to Dismiss, the Supreme Court issued a decision which may have significant implications on the Court's analysis of Defendants'

1

pending Motion. *See Bondi v. Vanderstok*, 604 U.S. --- (2025). The Court finds it proper to afford the Parties the opportunity to brief whether the Supreme Court's recent decision in *Vanderstok* has any impact on the arguments for dismissal—to the extent not explained in response to the previous issue.

Accordingly, the Parties are **ORDERED** to each submit a supplemental brief addressing the issues described above **within twenty-one (21) days** of the entry of this Order, or **by no later than Tuesday, August 12, 2025**. The briefs shall be no longer than five (5) pages, excluding signature pages and service certification. No reply or further briefing is authorized except if authorized by further Order.

**SO ORDERED**, this 22nd day of July 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**
